IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 1:06CV595-SRW |
| ) | |
| DALE COUNTY MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

COMES NOW, Dale Medical Center (incorrectly designated in the Complaint as Dale County Medical Center), Defendant in the above-styled action and responds to Plaintiff's Complaint as follows:

1. Admit that Plaintiff brings this action pursuant to the referenced statutes. Deny that Defendant violated any of the statutes.

2. Admitted.

3. Admitted.

4. Deny that Defendant employs more than 400 employees. In all other respects, admit, except that the Complaint incorrectly designates Defendant as Dale County Medical Center.

5. Admit that venue is proper in the Middle District of Alabama. Deny that Defendant is located in the Northern Division of the Middle District of Alabama. Deny that Defendant committed any unlawful employment practice or violated any law.

6. Admit that Plaintiff seeks the requested relief. Deny that Plaintiff is entitled to the requested relief or to any relief whatsoever. Deny that Defendant committed any unlawful employment practice or violated any law.

7. Admit that Plaintiff seeks the requested relief. Deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

8. Admit that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on October 17, 2005, but deny the remaining allegations of this paragraph.

9. Admit that the Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights dated April 3, 2006. Deny the remaining allegations of this paragraph.

10. Denied.

11. Admitted.

12. Admit that Plaintiff was formerly employed by Defendant at its Ariton Clinic. Deny the remaining allegations of this paragraph.

13. Admit that Plaintiff's job duties included responsibility for medical billing and collections. Admit that Plaintiff's title at the time her employment ended was Office Manager. Deny the remaining allegations of this paragraph.

14. Denied.

15. Defendant is without sufficient information to admit or deny the allegations in this paragraph, and therefore denies same.

16. Denied.

17.  Admit that Plaintiff took leave from December 31, 2004, through February 3, 2005. Admit that Plaintiff returned to work February 7, 2005, and worked a modified schedule through February 18, 2005. Defendant is currently without sufficient information to admit or deny whether Plaintiff could drive during this period and therefore denies same. Deny the remaining allegations of this paragraph.

18.  Denied.

19.  Denied.

20.  Denied.

21.  Denied.

22.  Denied.

23.  Denied.

24.  Denied.

25.  Denied.

26.  Admit that Defendant required Plaintiff to submit medical excuses for her absences pursuant to its policy. Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph, and therefore denies same.

27.  Denied.

28.  Admit that Plaintiff took leave from April 11, 2005, through April 15, 2005. Defendant is without sufficient information to admit or deny the remaining allegations in this paragraph, and therefore denies same.

29.  Admitted.

30. Admit that Sheila Dunn informed Plaintiff on or about April 20, 2005, that her position was being eliminated. Defendant denies the remaining allegations of this paragraph.

31. Denied.

32. Denied.

33. Denied.

34. Admit that Plaintiff received severance and vacation pay when her employment ended. Defendant avers that it informed the Department of Industrial Relations that Plaintiff's position had been eliminated. Defendant denies the remaining allegations in this paragraph.

35. Admit that Plaintiff appealed the Department of Industrial Relations' initial decision to deny her claim for unemployment benefits. Defendant avers that it informed the Department of Industrial Relations that Plaintiff's position had been eliminated. Defendant denies the remaining allegations in this paragraph.

36. Admit that Plaintiff appealed her termination to Vernon Johnson and that Mr. Johnson upheld the decision to terminate Plaintiff's employment. Defendant denies the remaining allegations in this paragraph.

37. Admit that Defendant posts available jobs. Defendant denies the remaining allegations in this paragraph.

38. Denied.

39. Defendant incorporates its responses to paragraphs 1-38 as if fully stated herein. Admit that Plaintiff brings this action pursuant to the referenced statutes. Deny that Defendant violated any of the statutes.

40. Admit.

41. Denied.

42. Denied.

43. Admit that Plaintiff seeks the requested relief. Deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

44. Defendant incorporates its responses to paragraphs 1-43 as if fully stated herein.

45. Admit that Plaintiff brings this action pursuant to the referenced statutes. Deny that Defendant violated any of the statutes.

46. Denied.

47. Denied.

48. Admit that Plaintiff seeks the requested relief. Deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

49. Defendant incorporates its responses to paragraphs 1-48 as if fully stated herein.

50. Admit that Plaintiff brings this action pursuant to the referenced statutes. Deny that Defendant violated any of the statutes.

51. Admit that Plaintiff took leave from December 31, 2004, through February 3, 2005. Defendant denies the remaining allegations of this paragraph.

52. Admit that Plaintiff returned to work on February 7, 2005, and worked a modified schedule. Defendant denies the remaining allegations of this paragraph.

53. Defendant is without sufficient information to admit or deny the allegations in this paragraph, and therefore denies same.

54. Admitted.

55. Defendant admits that Sheila Dunn informed Plaintiff on or about April 20, 2005, that her position was being eliminated. Defendant denies the remaining allegations of this paragraph.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Admit that Plaintiff seeks the requested relief. Deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

63. Defendant incorporates its responses to paragraphs 1-62 as if fully stated herein.

64. Admit that Plaintiff brings this action pursuant to the referenced statutes. Deny that Defendant violated any of the statutes.

65. Admit that Plaintiff filed a Charge of Discrimination with the EEOC. In all other respects, denied.

66. Denied.

67. Admit that Plaintiff seeks the requested relief. Deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

68. Defendant incorporates its responses to paragraphs 1-67 as if fully stated herein. Admit that Plaintiff brings this action pursuant to the referenced laws. Deny that Defendant violated any law.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Admit that Plaintiff seeks the requested relief. Deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

74. Defendant incorporates its responses to paragraphs 1-73 as if fully stated herein. Admit that Plaintiff brings this action pursuant to the referenced laws. Deny that Defendant violated any law.

75. Admit that Defendant is covered by and complies with Title VII, the ADEA, and the ADA. To the extend this paragraph refers to some other legal duty, it is vague and ambiguous and it is denied on that basis.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Admit that Plaintiff seeks the requested relief. Deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

81. Defendant incorporates its responses to paragraphs 1-80 as if fully stated herein. Admit that Plaintiff brings this action pursuant to the referenced laws. Deny that Defendant violated any law.

82. Denied.

83. Denied.

84. Admit that Plaintiff seeks the requested relief. Deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

85. Defendant incorporates its responses to paragraphs 1-84 as if fully stated herein. Admit that Plaintiff brings this action pursuant to the referenced laws. Deny that Defendant violated any law.

86. Denied.

87. Denied.

88. Admit that Plaintiff seeks the requested relief. Deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

In response to the request for relief at pages 13-14 of Plaintiff's Complaint, including sub-paragraphs (A) through (F), Defendant denies that Plaintiff is entitled to the relief she seeks, or to any other relief.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant hereby asserts the following affirmative and additional defenses to Plaintiff's Complaint, but does not assume the burden of proof on any defenses except as may be required by applicable law with respect to a particular defense asserted.

## FIRST DEFENSE

Plaintiff's Complaint, or alternatively portions thereof, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Any factual assertions or allegations made in Plaintiff's Complaint that are not explicitly admitted herein are denied and strict proof is demanded to support such allegations.

## THIRD DEFENSE

Some or all of Plaintiff's claims are barred because Defendant has not violated Plaintiff's rights nor has it acted in a manner which justifies the award of any damages.

## FOURTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, consent, justification, laches, and/or unclean hands.

## FIFTH DEFENSE

Some or all of Plaintiff's claims and/or some or all of the damages Plaintiff seeks are barred by the applicable statute of limitations.

## SIXTH DEFENSE

There is no causal relation between the acts of Defendant and any injury or damage allegedly suffered by Plaintiff.

## SEVENTH DEFENSE

Plaintiff is not entitled to a recovery based on any count in her Complaint because:

    a.    Plaintiff has not been damaged;

b.  Defendant did not engage in any wrongful conduct giving rise to a cause of action in favor of Plaintiff;

c.  Defendant was not the cause of any of the damages alleged by Plaintiff;

d.  The conduct which Plaintiff attributes to Defendant did not proximately cause the injuries alleged by Plaintiff;

e.  Plaintiff has misstated the nature and extent of her claimed damages.

## EIGHTH DEFENSE

Defendant pleads the affirmative defenses of assumption of risk and contributory negligence.

## NINTH DEFENSE

Any alleged unlawful conduct was outside the line and scope of employment of agents of Defendant, which did not participate in, authorize, ratify or condone the allegedly unlawful acts of which the plaintiff complains, and such acts were not in furtherance of Defendant's business.

## TENTH DEFENSE

The plaintiff's claims, in whole or in part, are barred by the exclusive remedial provisions of Alabama's worker's compensation laws.

## ELEVENTH DEFENSE

Defendant did not engage in any discriminatory, harassing, retaliatory or unlawful conduct toward Plaintiff.

## TWELFTH DEFENSE

Some or all of Plaintiff's claims are barred because Defendant has at all times acted reasonably and in good faith toward Plaintiff.

## THIRTEENTH DEFENSE

Defendant's conduct toward and treatment of Plaintiff was at all times based upon legitimate non-discriminatory, non-retaliatory factors.

## FOURTEENTH DEFENSE

Plaintiff cannot prove any discriminatory or retaliatory conduct by Defendant; alternatively, even if Plaintiff could prove such conduct by Defendant (which Plaintiff cannot), Defendant would have taken the same actions based upon legitimate, non-discriminatory and non-retaliatory reasons.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if Defendant were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, no such decisions or actions were motivated by any impermissible factors.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if Defendant were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, which Defendant denies, Defendant would have taken the same action with regard to Plaintiff's employment regardless of any impermissible factors.

## SEVENTEENTH DEFENSE

Some or all of Plaintiff's claims are barred because Defendant maintained, disseminated and enforced a clear policy against harassment, discrimination, and/or retaliation establishing reasonable and effective means of reporting and seeking relief

from conduct believed to be harassing, discriminatory, and/or retaliatory, and because Defendant acted in accordance with this policy at all times.

## EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff failed to make a timely internal report concerning some or all of the harassment, discrimination and/or retaliation claims alleged in the Complaint.

## NINETEENTH DEFENSE

Even if any alleged harassment, discrimination and/or retaliation occurred, which Defendant denies, some or all of Plaintiff's claims are barred to the extent she failed to put Defendant on notice of the alleged misconduct in a timely manner, and thus failed to provide Defendant a reasonable opportunity to remediate.

## TWENTIETH DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any harassing, discriminatory, and/or retaliatory behavior.

## TWENTY-FIRST DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## TWENTY-SECOND DEFENSE

There is no causal relation between the acts of Defendant and any injury or damage allegedly suffered by Plaintiff.

## TWENTY-THIRD DEFENSE

Plaintiff is unable to establish a prima facie case of discrimination or retaliation.

## TWENTY-FOURTH DEFENSE

All of Defendant's actions toward Plaintiff were based upon reasonable factors other than age, disability, or protected conduct.

## TWENTY-FIFTH DEFENSE

Even if one of Defendant's employees acted inappropriately towards Plaintiff (which Defendant denies), such action is contrary to Defendant's good faith efforts to comply with the ADA and Plaintiff is not entitled to punitive damages.

## TWENTY-SIXTH DEFENSE

Defendant affirmatively avers that any claims of Plaintiff that arose more than 180 days prior to the filing of her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) are barred for failure to meet the conditions precedent to bringing this action. Moreover, any claims outside the scope of a reasonable investigation of that Charge of Discrimination is likewise barred.

## TWENTY-SEVENTH DEFENSE

Plaintiff has failed to mitigate her alleged damages. Alternatively, even if Plaintiff could show that she has mitigated her alleged damages, any income Plaintiff has earned or had the potential of earning since the challenged decision reduces the amount of Plaintiff's claimed damages and Defendant is entitled to an offset.

## TWENTY-EIGHTH DEFENSE

Plaintiff failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure; therefore, she is barred from any recovery of special damages.

## TWENTY-NINTH DEFENSE

Plaintiff is not entitled to punitive damages.

## THIRTIETH DEFENSE

The imposition of punitive damages would violate the Fourth, Fifth and/or Sixth Amendments to the United States Constitution because (a) the standard of liability for punitive damages is inadequate, subjective and unduly vague, permitting random, arbitrary, capricious, excessive and/or disproportionate punishment that serves no legitimate government interest; and (b) there are inadequate standards and procedures for reviewing awards of punitive damages.

## THIRTY-FIRST DEFENSE

To the extent Plaintiff's Complaint states a claim for punitive damages, such a claim is barred because any imposition of punitive damages against Defendant under any of the claims would constitute a denial of due process and would be excessive under the United States Constitution and the Constitution of the State of Alabama.

## THIRTY-SECOND DEFENSE

Defendant cannot be liable for punitive damages because Defendant could not have reasonably expected the conduct which Plaintiff's alleges, to have subjected it to punitive damages.

## THIRTY-THIRD DEFENSE

Any award of punitive damages to the Plaintiff in this case would violate the constitutional safeguards provided to the Defendant under the Constitution of the United States of America and the Constitution of the State of Alabama.

## THIRTY-FOURTH DEFENSE

Defendant cannot be liable for punitive damages because any allegedly unlawful employment actions were contrary to its good faith efforts to comply with the law.

## THIRTY-FIFTH DEFENSE

Defendant did not engage in any willful violation of any law, and Defendant did not act with malice or with reckless indifference to the federally protected rights of Plaintiff, nor did Defendant authorize or ratify any such actions.

## THIRTY-SIXTH DEFENSE

Plaintiff is not entitled to attorneys' fees, costs or expenses.

## THIRTY-SEVENTH DEFENSE

Plaintiff is due none of the relief requested.

## THIRTY-EIGHTH DEFENSE

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence, and it reserves the right to amend this Answer to state such defenses.

WHEREFORE, having fully answered, Defendant demands judgment against Plaintiff, demand that costs be assessed against Plaintiff, pray that it be awarded attorneys' fees and that the Court award such other relief as is just and appropriate.

Respectfully Submitted,

s/Jennifer L. Howard
Albert L. Vreeland, II ASB-0066-V78A
Jennifer L. Howard ASB-9511-O68J

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Alicia K. Haynes, Esq.
>Haynes & Haynes, P.C.
>1600 Woodmere Drive
>Birmingham, AL 35226

>s/Jennifer L. Howard
>OF COUNSEL

158611