**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**DEBORAH HUGHES,**
**Plaintiff,**

**v.**

**CIVIL ACTION NUMBER:
1:06-cv-595-SRW**

**DALE COUNTY MEDICAL CENTER,**
**Defendant.**

## ORDER

Upon consideration of the parties' joint motion for entry of consent protective order (Doc. # 9), filed October 23, 2006, and for good cause, it is

ORDERED that the motion be and hereby is GRANTED as follows:

1. This Order shall govern all documents produced by the parties in this action. Furthermore, this Order shall govern all information derived from such documents and all copies, excerpts or summaries thereof.

2. In addition, the following documents and all information derived from such documents shall be designated confidential:

　　a. Any document from the personnel or employment file of any employee or former employee of Dale Medical Center;

　　b. Any documents, whether or not located in a personnel file, concerning information regarding any employee or former employee of Dale Medical Center;

　　c. Any document containing information regarding any patient or former patient of Dale Medical Center;

　　d. Plaintiff's medical records;

　　e. Plaintiffs tax returns, including all attachments thereto;

　　f. Any document containing information regarding Plaintiff's wages;

        g.    Any other documents which a party in good faith designates as "confidential."

3. Such confidential documents shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or third party other than:

        a.    Counsel for the parties in the above-styled action, including employees of such counsel to the extent necessary to render professional services in the above-entitled action;

        b.    The parties in the above-styled action;

        c.    The Court and persons employed by the Court working on this litigation;

        d.    Court reporters at the proceedings in this action;

        e.    Experts or consultants retained or consulted by the parties, but only as set out in paragraph four below; and

        f.    Deponents, trial witnesses and potential deposition witnesses, but only as set out in paragraph four below.

4. Prior to making disclosure of any confidential documents or information pursuant to paragraph 3(e) or 3(f) herein above, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents, or any portions thereof, may be used only for the purposes contemplated by this Protective Order. Additionally, a copy of this Order shall be shown to each person to whom disclosure of confidential documents and information is permitted, and shall be specifically advised by counsel that this Order applies to and is binding upon such individual. The party and/or her or its representative shall require the person to sign an acknowledgment, to be retained by the party's counsel, that indicates the person has seen a copy of this Order.

5. Upon request by the producing party, within ninety (90) days of the conclusion of this matter as to all parties, each confidential document, and all excerpts or summaries thereof produced by that party, shall be returned to the producing party except that no attorney is required to give the

opposing party any work product derived from any confidential document. Such work product shall be retained by the attorney creating it and maintained in a confidential manner until appropriately destroyed. All documents containing protected health information (including copies thereof) which are not requested to be returned to the entity from whom or which such protected health information was obtained, must be destroyed within 90 days after conclusion of this action.

6. Nothing in this Order shall prevent a party from any use of its own confidential documents.

7. The inadvertent or unintentional disclosure of any confidential information shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific confidential information disclosed or as to other related information.

8. Any party may apply to the Court for relief from this Order. The party seeking relief from this Order shall specify which documents designated as "confidential" by the opposing party it wishes to disclose outside the confines of this litigation and the purpose for which and the manner in which it seeks to disclose the information. Neither party shall disclose any information designated as "confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

9. Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

10. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

DONE, this 23rd day of October, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE