IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

**DEFENDANT'S EXHIBIT 1**

| | |
|---|---|
| DEBORAH HUGHES, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NUMBER: |
|  | ) 1:06-cv-595- |
| DALE COUNTY MEDICAL CENTER, | ) |
| Defendant. | ) |

### DEFENDANT'S REQUEST FOR PRODUCTION
### OF DOCUMENTS TO PLAINTIFF

Dale Medical Center, Defendant in the above-styled action (hereinafter "Defendant"), requests pursuant to Rule 34 of the Federal Rules of Civil Procedure that the Plaintiff produce and permit the Defendant to inspect and to copy each of the following items or documents which are in the possession, control or custody of the Plaintiff, which the Defendant requests to be produced at the offices of Lehr Middlebrooks & Vreeland, P.C., 2021 Third Avenue North, Birmingham, Alabama 35203, within thirty (30) days as required by the Federal Rules of Civil Procedure.

To the extent that any single Request for Production or portion of such is deemed to be objectionable, you are still to answer those non-objectionable Requests for Production or portions of such and state fully the basis for your objection.

### DEFINITIONS

A. The terms "you" or "your" or "Plaintiff" mean Plaintiff Deborah Hughes, and the attorneys or agents of the Plaintiff who have information available to the Plaintiff within the meaning of Rule 34.

B.  The term "person" means any natural person, firm, corporation, partnership, sole proprietorship, estate, trust, trust estate, joint venture, association or any other form of business entity of any nature or character, together with the partners, trustees, officers, directors, employees, attorneys or agents thereof.

C.  The term "individual" means any natural person.

D.  The terms "document" or "documents" as used herein are to be construed broadly and shall mean any kind of written, recorded or graphic matter, however produced or reproduced, of any kind of description, whether sent or received or neither, including originals, non-identical copies (whether different from the original because of marginal notes, or other material inserted therein or attached thereto, or otherwise), drafts and both sides thereof, including, but not limited to: agreements, communications, correspondence, telegrams, cables, telefax, electronic mail or telex messages, memoranda, records, books, summaries of records or personal conversations or interviews, desk calendars, appointment books, diaries, journals, forecasts, statistical statements, tabulations, accountants' work papers, graphs, charts, accounts, analytical records, affidavits, minutes, records or summaries of meetings or conferences, reports or summaries of interviews or telephone conversations, reports or summaries of investigations, opinions or reports of consultants, appraisals, records, reports or trade letters, press releases, contracts, notes, projections, drafts of any documents, working papers, checks (front and back), check stubs or receipts, sound recordings, data processing records, microfilm, photographs, maps, charts, accounts, financial statements or reports thereof, promissory notes, loan agreements, loan files and all notes contained with loan files, revolving credit agreements, deeds of trust, guaranty

agreements or indemnification agreements, real estate contracts for sale or lease, pleading, or any other documents or writings of whatever description, including any information contained in any computer or stored separately in electronic media or removable media (even if not previously printed out) within the custody or control of you or any of your employees, agents, including attorneys, accountants, investment bankers or advisors, or any other person acting or purporting to act on your behalf.

E. The term "communication" means any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: written contacts (whether by letter, electronic mail, memoranda, telegram, telefax, telex or any other document or method) and oral contacts (whether by face-to-face meeting, telephone conversations or otherwise).

F. The terms "and" and "or" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of these Requests for Production information or documents which might otherwise be considered to be beyond their scope.

G. The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of the Request for Production any information which might otherwise be considered to be beyond their scope.

H. The terms "referring to" or "relating to" any given subject, mean any document, communication or statement that constitutes, contains, embodies, evidences, reflects, identifies, shows, states, analyzes, supports, refutes, refers to,

deals with, arises from, is connected with, responds to, or is in any manner whatsoever pertinent to that subject.

    I.    The term "Defendant" means DALE MEDICAL CENTER, any subsidiary of Defendant (whether or not wholly owned), and any affiliate of Defendant, along with any of their respective officers, directors, employees, agents, attorneys and all other persons acting on behalf of Defendant. or any of its subsidiaries or affiliates.

    J.    The term "Plaintiff's Complaint" means the Complaint in this case and any amendments thereto, if any.

    K.    The terms "this case" or "this litigation" mean the above styled case, bearing Civil Action No. 1:06-cv-595.

## REQUESTS FOR PRODUCTION

1.    Any and all documents which relate to your claim that you have a disability as defined under the Americans with Disabilities Act.

2.    Any and all documents that relate in any way to the terms, conditions, or benefits of Plaintiff's employment with Defendant, including but not limited to Plaintiff's job duties and obligations while an employee of Defendant.

3.    Any and all documents that reflect or relate to Plaintiff's terms, conditions or benefits of employment with any person or entity that employed the Plaintiff, other than Defendant, after Plaintiff's employment with Defendant ended.

4.    Any and all documents that reflect, relate to, contain or describe any statement made by anyone who was or is an employee or agent of Defendant about:

    a.    The matters alleged in Plaintiff's Complaint;

    b.    Your employment with Defendant; or

    c.    Any purported illegal discrimination, retaliation, or other unlawful conduct toward you or any other employee of Defendant.

5. Copies of any and all statements made by you or by any other person having knowledge of discoverable matters which relate in any way to the matters alleged in Plaintiff's Complaint.

6. Any and all documents related to any communication between Plaintiff and any employee of Defendant about the subject matter of Plaintiff's Complaint.

7. Any and all documents that reflect or relate to any complaint, objection, grievance, protest or other indication of dissatisfaction expressed by the Plaintiff to any person or entity concerning any of the matters alleged in Plaintiff's Complaint.

8. Any and all documents that you gave to or obtained from Defendant that reflect, relate to, contain or describe:

    a.    matters alleged in Plaintiff's Complaint;

    b.    your employment with Defendant; or

    c.    any purported illegal discrimination, retaliation, or other unlawful conduct toward you or any other employee of Defendant.

9. Any and all diaries, notes, tape recordings, photographs, videotapes, or other documents made or kept by you concerning:

    a.    the matters alleged in Plaintiff's Complaint;

    b.    your employment with Defendant;

    c.    any purported illegal discrimination, retaliation, or other unlawful conduct directed toward the Plaintiff by any of Defendant's employees;

     d.    any purported illegal discrimination, retaliation, or other unlawful conduct by any of Defendant's employees directed toward any other employee of Defendant;

     e.    any complaints about purported illegal discrimination, retaliation, or other unlawful conduct toward Plaintiff or any other employee of Defendant; or

     f.    your claims that you were damaged as a result of the matters alleged in Plaintiff's Complaint

10.    Any and all documents which reflect, relate to, contain or describe any purported illegal discrimination, retaliation, or other unlawful conduct toward Plaintiff.

11.    Any and all documents that reflect or relate to any alleged illegal discrimination, retaliation, and/or other unlawful action against anyone working at the location where you were employed by Defendant.

12.    Any and all documents which relate to any record of receipt of income or money received by Plaintiff during the last five (5) years, including, but not limited to, paycheck stubs, W-2 forms, tax returns, and any other documents or forms filed with the Internal Revenue Service or State of Alabama relating to income taxes.

13.    Any and all documents reflecting or relating in any way to any mental, physical or pecuniary damage that the Plaintiff allegedly suffered as a result of the matters alleged in Plaintiff's Complaint.

14.    Any and all documents reflecting the identity of any doctor, therapist, chiropractor, psychiatrist, psychologist, minister, and/or any other counselor or health care provider that Plaintiff made an appointment with, consulted, or received treatment from at any time during the past five (5) years for whatever condition.

15. Any and all medical records and other documents reflecting Plaintiff's medical treatment, consultation or examination of any kind by any medical doctor, psychologist, psychiatrist, therapist, counselor and/or any other mental or physical health care provider for whatever condition during the past five (5) years.

16. Any and all documents reflecting prescription medications taken by you for the past five (5) years.

17. Any and all documents relating to your efforts to find, and/or success in finding, employment following the termination of your employment with Defendant including documents relating to whether you accepted or rejected any opportunities which may have been presented to you.

18. Any and all documents that reflect or relate to any complaint, claim, or allegation of discrimination asserted by the Plaintiff against any individual or entity other than the Defendant in this litigation.

19. Any and all documents that you or your agent or representative submitted to or received from, any state, federal, municipal, or other governmental agency, including but not limited to the Equal Employment Opportunity Commission, concerning:

   a. the matters alleged in Plaintiff's Complaint;

   b. your employment with Defendant;

   c. any purported illegal discrimination, retaliation, or other unlawful conduct toward you or any other employee of Defendant.

20. Any and all documents and drafts of documents provided to, reviewed by, and/or created by each and every expert witness that the Plaintiff expects to call at the trial of this matter.

21. The resume, curriculum vitae, and/or any other document reflecting the qualifications of each and every expert witness that the Plaintiff expects to call or may call at the trial of this matter.

22. Any and all documents related to any and all civil lawsuits or legal actions in which you have been involved, including but not limited to any and all documents regarding any filings by Plaintiff for protection under any bankruptcy laws.

23. Copies of each and every document and or item of physical evidence which Plaintiff intends to offer at the trial of this case.

24. Any and all documents identified in your responses to Defendant's Interrogatories.

25. Any and all documents not encompassed by any other request above which relate in any way to the matters alleged in Plaintiff's Complaint.

Respectfully Submitted,

*/s/ Jennifer Howard*
Albert L. Vreeland, II ASB-0066-V78A
Jennifer L. Howard ASB-9511-O68J

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by placing same in the United States Mail, properly addressed and first class postage prepaid:

>Alicia K. Haynes, Esq.
>Haynes & Haynes, P.C.
>1600 Woodmere Drive
>Birmingham, AL  35226

This the 4th day of October, 2006.

_____
OF COUNSEL

163410