IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DEBORAH HUGHES, )
)
)
Plaintiff, )
)
v. ) CIVIL ACTION NUMBER:
) 1:06-cv-595-SRW
)
DALE COUNTY MEDICAL CENTER, )
)
Defendant. )

**PLAINTIFF'S EXHIBIT**

*31*

## DEFENDANT'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

Dale Medical Center, Defendant in the above-styled action (hereinafter "Defendant"), responds to Plaintiff's Interrogatories as follows:

### I. GENERAL OBJECTIONS

Defendant and its attorneys object to each and every Interrogatory on each and all of the following grounds:

1. Defendant's objections to Plaintiff's Interrogatories are made without waiver of, or prejudice to, any additional objections Defendant may make.

2. All such objections are hereby expressly preserved as is the right to move for a protective order.

3. Defendant reserves all objections as to the admissibility at trial of any information provided.

4. The supplying of any information does not constitute an admission by Defendant that such information is relevant in this lawsuit. All information provided by Defendant is for use in this litigation only and for no other purpose.

5. Defendant and its attorneys object to each and every Interrogatory to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Plaintiff has made no showing that she has substantial need for the materials in the preparation of her case and that she is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Defendant and its attorneys further object to each and every Interrogatory to the extent that the information called for, if any, is privileged and is not discoverable under Rule 26(b)(3), Federal Rules of Civil Procedure, and Hickman v. Taylor, 329 U.S. 495 (1947).

6. Defendant and its attorneys object to each and every Interrogatory to the extent that the information called for, if any, is protected from discovery by the attorney/client privilege.

7. Defendant and its attorneys object to each and every Interrogatory to the extent that it seeks to vary the obligations imposed upon Defendant under the Federal Rules of Civil Procedure.

## II. SPECIFIC OBJECTIONS AND RESPONSES

Without waiving the General Objections and specifically asserting each General Objection as to each and every Interrogatory propounded by Plaintiff, Defendant and its attorneys further respond as set forth below:

**INTERROGATORY:**

**1. State in detail each and every reason why the Plaintiff was terminated and name each decisionmaker in Plaintiff's termination.**

**RESPONSE:**

Prior to April 2005, Plaintiff's job duties included medical billing. Due to Plaintiff's poor job performance in handling medical billing, Defendant hired an outside billing

2

service in April 2005 to handle the medical billing function. After the medical billing function was transferred to the outside contractor, Dr. John Ennis assigned Plaintiff the responsibility of contacting patients who had past due accounts in order to arrange for payment. Dr. Ennis reported to Sheila Dunn that Plaintiff stated that she could not do that work, because those patients were her friends. Because Plaintiff refused to do this available work, Dr. John Ennis and Sheila Dunn made the decision on April 20, 2005, to eliminate Plaintiff's position.

### INTERROGATORY:

2. **If this case is tried under the McDonnell Douglas pattern of proof and establishes a prima facie case that the Plaintiff was terminated and not rehired for a reason that might be submitted to a jury for a determination of whether or not a discriminatory motive was the reason for the decision that was made, what nondiscriminatory reason(s) does the Defendant "articulate" as the basis for the adverse employment action that was taken against the Plaintiff?**

### RESPONSE:

Defendant and its attorneys object to this interrogatory to the extent it calls for a legal conclusion or seeks counsel's work product and legal analysis. To the extent the interrogatory asks for Defendant to state its non-discriminatory reason for Plaintiff's termination, see Defendant's response to interrogatory no. 1.

### INTERROGATORY:

3. **What person(s) made the decision identified in the articulation referred to in the preceding interrogatory?**

### RESPONSE:

See Defendant's response to interrogatory no. 1.

### INTERROGATORY:

4. **For each formal performance appraisal given to the Plaintiff by the Defendant for any year in which the Plaintiff was employed, provide the following:**

3

      a.     Date of each performance appraisal;

      b.     Overall employee performance rating contained in each performance appraisal;

      c.     Percentage of any salary increase reflected in any such performance appraisal;

      d.     A summary of any negative statements made against the Plaintiff in any such performance appraisal;

      e.     The present location of any such performance appraisals.

**RESPONSE:**

Pursuant to FRCP 33(d), Defendant states that responsive information may be derived or ascertained from reviewing the performance evaluations in Plaintiff's personnel file, Bates labeled D00001 – D00142.

**INTERROGATORY:**

5.    Are all documents describing the Plaintiff's job performance contained in the Plaintiff's personnel file? If not, please describe the location of any other documents that pertain to the Plaintiff's work performance that are not contained in her personnel file. Describe in detail any procedure the Defendant has in place to ensure that adverse personnel documents will not be placed in an employee's personnel file without the knowledge of the employee.

**RESPONSE:**

Defendant and its attorneys object to this interrogatory to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Plaintiff has made no showing that she has substantial need for the materials in the preparation of her case and that she is unable, without undue hardship, to obtain the substantial equivalent of the materials by other means. Defendant and its attorneys further object to this interrogatory to the extent that the information called for, if any, is

privileged and is not discoverable under Rule 26(b)(3) of the Federal Rules of Civil Procedure, and Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385 (1947). Defendant and its attorneys further object to this interrogatory to the extent that the information called for, if any, is protected from discovery by the attorney/client privilege. Defendant and its attorneys further object to the extent that the information sought is not reasonably accessible because of undue burden or cost.

Without waiving these objections, Defendant states that it is unaware of any non-privileged documents describing the Plaintiff's job performance other than those in the Plaintiff's personnel file.

### INTERROGATORY:

6. Describe in detail any documents currently in the possession of the Defendant that will be used in the defense of this case that have not been previously disclosed to the Plaintiff.

### RESPONSE:

Defendant and its attorneys object to this interrogatory to the extent that it seeks to vary the obligations imposed upon Defendant under the Federal Rules of Civil Procedure.

Without waiving this objection, Defendant states that no decision has been made concerning which documents will be used at the trial of this matter. Otherwise, see the documents produced herewith.

### INTERROGATORY:

7. Is the Plaintiff eligible to be re-hired by your company in any capacity? If not, why not?

### RESPONSE:

Plaintiff is not eligible for re-hire, due to concerns regarding her job performance and failure to perform assigned tasks. See document Bates labeled D00025.

### INTERROGATORY:

8. Provide the name(s) of any person or persons who may have been involved in the decision-making process that resulted in the Plaintiff's termination or who may have information about the reason Plaintiff was terminated, and explain in detail that individual's involvement in the same. Provide the name of the individual who had the "final say" in the decision to terminate the Plaintiff and provide the date when that person made the decision, the basis of their knowledge and all facts they know as to any of Plaintiff's claims, facts of her complaint, Defendant's affirmative defenses and Plaintiff's job performance.

### RESPONSE:

Defendant and its attorneys object to this interrogatory to the extent it may seek information protected by the attorney-client privilege. Defendant and its attorneys further object to this interrogatory to the extent it assumes that a single person had "final say."

Without waiving these objections, see Defendant's response to interrogatory no. 1.

### INTERROGATORY:

9. List all job duties and qualifications for the position which was held by Plaintiff.

### RESPONSE:

Pursuant to FRCP 33(d), Defendant states that responsive information may be derived or ascertained from reviewing Plaintiff's job description, Bates labeled D00053 – D00057. Additionally, after the billing function was outsourced to an outside contractor in April 2005, Plaintiff was assigned the responsibility of contacting patients

6

who had past due accounts in order to arrange for payment. However, Plaintiff refused to perform this duty.

### INTERROGATORY:

10. Identify all persons (other than your attorney and the investigator for the report of investigation) who have investigated the facts of this complaint for you. As to each such investigation, state: the date it was made; a description of each matter investigated; the reason it was made; whether any record of it was made and, if so, the name and address of the person who has custody of such record or report.

### RESPONSE:

Pursuant to FRCP 33(d), Defendant states that responsive information may be derived or ascertained from reviewing documents related to the investigation by the Equal Employment Opportunity Commission, Bates labeled F00001 – F00039. Defendant is unaware of any other non-privileged investigations of Plaintiff's complaint of discrimination.

### INTERROGATORY:

11. List each and every person or facility that has contacted Defendant, or any of its agents, or that Defendant, or any of its agents, have contacted for Plaintiff's past employment history or a reference for future employment and whether the Defendant or its agents provided a positive or negative reference.

### RESPONSE:

Defendant states that it has not received any contact from any potential employer of Plaintiff regarding Plaintiff's past employment history or a reference for her future employment. Defendant has also subpoenaed Plaintiff's employment records from her other employers, and copies of documents received in response to these subpoenas have been produced.

## INTERROGATORY:

12. State each factual basis for which you rely to support all of the defenses cited in Defendant's answer to Plaintiff's complaint cited in the title of this document and identify and attach all documents relating to such defenses.

## RESPONSE:

Defendant and its attorneys object to this interrogatory on the grounds that it is overly broad, oppressive, unduly burdensome and expansive and is beyond the permissible scope of discovery under the Federal Rules of Civil Procedure. Without waiving these objections, see Defendant's Answer to the Complaint, Defendant's response to interrogatory no 1, Defendant's Rule 26 Mandatory Disclosures, and documents produced herewith.

## INTERROGATORY:

13. Provide all facts supporting your position that Plaintiff was not an employee in good standing and received verbal or written warnings as indicated in paragraph 14 of Defendant's answer, identify all persons with knowledge of such performance deficiencies and attach all documents and electronic records in support of said position. State all reasons why Plaintiff was not provided any notice that her performance was not satisfactory. If you contend Plaintiff was noticed verbally or in writing as to any deemed unsatisfactory performance, indicate the dates of said notice, the name and age of the person providing said notice and if the notice was verbal or in writing.

## RESPONSE:

Defendant and its attorneys object to the extent that this interrogatory misstates the facts to the extent it improperly assumes that "Plaintiff was not provided any notice that her performance was not satisfactory." Defendant and its attorneys further object to this interrogatory to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Plaintiff has made no showing that it has substantial need for the materials in the preparation of its case and that it is unable, without undue hardship, to obtain the substantial equivalent of the materials by other

8

means. Defendant and its attorneys further object to this interrogatory to the extent that the information called for, if any, is privileged and is not discoverable under Rule 26(b)(3) of the Federal Rules of Civil Procedure, and Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385 (1947). Defendant and its attorneys further object to this interrogatory to the extent that the information called for, if any, is protected from discovery by the attorney/client privilege. Defendant and its attorneys further object to this request to the extent that the information requested is not reasonably accessible because of undue burden or cost.

Without waiving this objection, Defendant states that Plaintiff received at least five verbal warnings prior to Plaintiff's surgery on January 3, 2005. In May or June 2004, Sheila Dunn verbally warned Plaintiff concerning Plaintiff's actions in writing off accounts without authorization. In 2004, Sheila Dunn verbally warned Plaintiff concerning Plaintiff's actions in ordering 10 times the proper amount of flu vaccine. See the document Bates labeled D00147, attached. In or about 2003, Sheila Dunn verbally warned Plaintiff on two occasions regarding excessive overtime. Additionally, in Plaintiff's job evaluation of July 26, 2004, Dr. John Ennis checked the box indicating "needs improvement" for several areas of Plaintiff's performance. See documents Bates labeled D00053 - D00057. Additionally, Regina Mays with Southeast Alabama Medical Center has knowledge regarding Plaintiff's conduct in writing off accounts without authorization.

INTERROGATORY:

14. List each and every complaint by managers, co-workers, or patients that factored into the decision to terminate the Plaintiff indicating the name and age of said complainant.

RESPONSE:

See Defendant's response to interrogatory no. 1.

INTERROGATORY:

15. For each employee fired or otherwise discharged by the same decisionmakers as terminated Plaintiff from January 1, 2000, to the present, state:

      a. Name and last known address.

      b. Age.

      c. Educational background.

      d. Date of initial employment.

      e. Job classification or job title and salary or wage rate at the time dismissed or fired.

      f. Date of dismissal.

      g. Reason for dismissal.

      h. Name of the person who authorized or approved the dismissal.

      i. The number of warnings, charges, or complaints, whether formal or informal, previously filed against each employee. For each such warning, charge, or complaint, give the basis for each such warning, charge, or complaint and the name of the person instigating, initiating, or filing it.

RESPONSE:

Defendant and its attorneys object to this interrogatory on the grounds that it is not sufficiently limited in time, organizational and geographic scope, is overly broad, oppressive, unduly burdensome and expansive, and is beyond the permissible scope of

discovery under the Federal Rules of Civil Procedure in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this interrogatory seeks information which is irrelevant to any issue in this lawsuit. Defendant further objects to the extent that this interrogatory is unduly invasive of the privacy of individuals who are not parties to this lawsuit.

### INTERROGATORY:

**16.   For each employee presently employed by the Defendant at the facility where the Plaintiff is or was employed, state the number of warnings, charges, or complaints, whether formal or informal, previously filed against such employee. For each such warning, charge, or complaint, give the basis for each such warning, charge, or complaint and the name of the person instigating, initiating, or filing it.**

### RESPONSE:

Defendant and its attorneys object to this interrogatory on the grounds that it is not sufficiently limited in time and is overly broad, oppressive, unduly burdensome and expansive, and is beyond the permissible scope of discovery under the Federal Rules of Civil Procedure in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this interrogatory seeks information which is irrelevant to any issue in this lawsuit. Defendant further objects to the extent that this interrogatory is unduly invasive of the privacy of individuals who are not parties to this lawsuit.

### INTERROGATORY:

**17.   List all individuals hired since January 1, 2000, including their age, the title and grade of position for which each person was selected, and the date of selection, including, but not limited to, any person hired for the position of office manager, insurance and billing coder and manager of programs such as the Indigent Patient Program and whether Defendant has hired any individual with a known disability.**

## RESPONSE:

Defendant and its attorneys object to this interrogatory on the grounds that it is not sufficiently limited in time, organizational and geographic scope, is overly broad, oppressive, unduly burdensome and expansive, and is beyond the permissible scope of discovery under the Federal Rules of Civil Procedure in that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this interrogatory seeks information which is irrelevant to any issue in this lawsuit. Defendant further objects to the extent that this interrogatory is unduly invasive of the privacy of individuals who are not parties to this lawsuit. Without waiving these objections, Defendant states that it did not hire an office manager at the Ariton clinic to replace Plaintiff. Defendant further states that it does not maintain records of whether its new hires have known disabilities.

## INTERROGATORY:

18. Described [sic] in detail all statistics kept by Defendant for hires, promotions, and termination by age and disability.

## RESPONSE:

Defendant states that it does not maintain records of the requested statistics.

## INTERROGATORY:

19. With respect to each oral or written complaint of disability, or age discrimination in employment against the employer since January 1, 2005, state the following:

        a. The name and age of the complainant.

        b. Present or last known address of the complainant.

        c. The date of the complaint.

        d. The grounds for the complaint.

      e.      Whether the complaint was filed with the Equal Employment Opportunity Commission (EEOC).

      f.      Whether the complaint filed with the EEOC was served upon the Defendant and the date of service.

      g.      Whether the Defendant received notice of the complaint by any other means.

      h.      The action, if any, taken by the EEOC.

      i.      The action taken, if any, by the employer.

      j.      Final resolution and/or current status of the complaint.

**RESPONSE:**

Defendant and its attorneys object to this interrogatory on the grounds that it is not sufficiently limited in time, organizational and geographic scope, is overly broad, oppressive, unduly burdensome and expansive, and is beyond the permissible scope of discovery under the Federal Rules of Civil Procedure in that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendant states that Nancy Hawkins filed a lawsuit against Defendant alleging age and disability discrimination on June 8, 2005. The lawsuit was resolved by summary judgment in favor of Defendant. Defendant also received a Charge of Discrimination alleging disability discrimination filed with the Equal Employment Opportunity Commission by Maureen S. Beadles on September 13, 2006, which is pending before the EEOC.

**INTERROGATORY:**

20.    State the basis for Plaintiff not being offered or explained Family and Medical Leave; and if Defendant contends that Plaintiff was not eligible for FMLA, the basis for its position.

**RESPONSE:**

Defendant and its attorneys object to the extent that this interrogatory misstates the facts to the extent it improperly assumes that "Plaintiff [was] not ... offered or explained Family and Medical Leave." Defendant and its attorneys further object to this interrogatory to the extent that it seeks an answer involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or a pre-trial conference has been conducted. Defendant and its attorneys further object to the extent this interrogatory fails to state the time period for which information is requested. Without waiving these objections, Defendant states that its FMLA policy is stated in its Employee Handbook, of which Plaintiff received a copy. See documents Bates labeled D00068 and D00157 - D00204.

**INTERROGATORY:**

21.    State the Plaintiff's ending salary, how paid and any and all employment benefits Plaintiff was entitled to and the value of said employment benefits. Further, list the same pay and employment benefits for Plaintiff's successor.

**RESPONSE:**

Defendant and its attorneys object to the extent that this interrogatory misstates the facts to the extent it improperly assumes that Plaintiff had a "successor." Without waiving this objection, Defendant states pursuant to FRCP 33(d) that responsive information may be derived or ascertained from reviewing Plaintiff's personnel file, Bates labeled D00001 – D00142. See also Defendant's response to Plaintiff's Request for Production no. 14.

/s/ Jennifer Howard
Albert L. Vreeland, II ASB-0066-V78A
Jennifer L. Howard ASB-9511-O68J

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

15

## VERIFICATION

STATE OF ALABAMA

COUNTY OF DALE

Sheila Dunn, being first duly sworn upon her oath deposes and says that she is authorized by Dale Medical Center ("DMC") to make this verification on its behalf, that she has read the foregoing Responses to Plaintiff's interrogatories and knows the contents thereof; that there is no single person employed by or otherwise connected with DMC who has personal knowledge of all the facts and information requested herein; that the Responses are based on, and therefore, necessarily limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these Responses; that the Responses are thus based upon corporate knowledge and that subject to these limitations set forth above, the Responses are true to the best of her knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this, the 15th day of March, 2007.

By: /s/ Sheila Dunn
SHEILA DUNN

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the following counsel of record by placing same in the United States Mail, properly addressed and first class postage prepaid:

Alicia K. Haynes, Esq.
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL 35226

This the 21st day of March, 2007.

_____
OF COUNSEL

167339

17