**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEBORAH HUGHES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:06-cv-00595-SRW** |
| v. | ) | |
| | ) | |
| **DALE COUNTY MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION TO STRIKE
THE AFFIDAVIT OF SHEILA DUNN**

Plaintiff, by and through their undersigned attorney, move this Honorable Court to strike the Affidavit of Sheila Dunn. Specific portions of Dunn's affidavit contain conflicting testimony that deviates from her previous testimony in her deposition taken on May 3, 2007. Further other portions of Dunn's affidavit testimony is riddled with impermissible hearsay and opinion evidence. Plaintiff moves the court to strike the entire deposition but in the alternative, plaintiff moves that the objectionable portions of the affidavit be stricken based on Plaintiff's objections herein.

In support of this Motion, Plaintiff states that portions thereof are to be stricken as follows:

1.   Defendant, Dale Medical Center, in its Motion for Summary Judgment, relies on the Affidavit of Sheila Dunn. (Doc. 15, pp. 2-8). It is assumed the affidavit was executed after Plaintiff's deposition. However, the affidavit is neither dated, nor notarized.

2.   Plaintiff moves the court to strike the underlined portion of Paragraph 7 of the Dunn Affidavit as not based on personal knowledge.

> 7.   *I was aware that Dr. Ennis' wife, Pat Ennis, sometimes visited him in the clinic due to his illness, but I was not aware of the frequency or length of her visits. Mrs. Ennis was not employed by Dale Medical Center at any time during the period of Ms. Hughes' employment.*

Rule 56(e) of the Federal Rules of Civil Procedure requires that an affidavit be made on personal knowledge, as opposed to information and belief. *Ellis v. Eng.*, 432 F.3d 1321, 1327 (11th Cir. 2005). Personal knowledge may be inferred from the content of the affidavit. *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993) (quoting *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991) (stating that "all knowledge is inferential"). "[C]ommon sense dictates that if an affiant is an employee of a company, she has personal knowledge of events and circumstances that occurred at the company within her sphere of

observation." *Davis v. Valley Hospitality Services, LLC*, 372 F.Supp.2d 641, 653 (M.D. Ga. 2005) (citing *Barthelemy v. Air Lines Pilots Ass'n*, 897 F.2d 999, 1018 (9th Cir. 1990). However, "[b]elief, no matter how sincere, is not equivalent to knowledge." *Pace v. Capobianco*, 283 F.3d 1275, 1279 (11th Cir. 2002) (quoting *Jameson v. Jameson*, 176 F.2d 58, 60 (D.C. Cir. 1949)).

In this affidavit, Ms. Dunn does not state how she was made "aware" of Pat Ennis' visits to the clinic, but attempts to limit her "awareness" also without stating why her knowledge was limited. The statement is inconsistent and based on inferred knowledge not personal knowledge that is impermissible evidence for this court to consider. Dunn does not state she has personal knowledge of Ennis' visits, only an awareness which is due to be stricken.

3.      Plaintiff moves the court to strike one sentence of Dunn Affidavit-Paragraph 8 wherein Dunn states:

> 8.      *When Dale Medical Center took over the Ariton Clinic, Ms. Hughes' principal responsibility was to run the billing and coding system. That responsibility involved entering data and medical charges into the computer and sending those bills for those charges to patients and their insurance companies. <u>Early in Ms. Hughes' employment for Dale Medical Center it temporarily shifted some of the billing function to a third party contractor known as MedNet.</u> During that period of time Ms. Hughes continued to perform data entry and coding functions, as well as some billing on Dr. Zumstein's system. Subsequently, Dale Medical Center stopped using the MedNet system for the Ariton Clinic and Ms. Hughes resumed*

*performing the data entry, billing and coding functions.*

Plaintiff moves the court to strike the underlined portion of Paragraph 8 of the Dunn Affidavit as being inconsistent with her prior deposition testimony. Dunn testified in her deposition on May 3, 2007, that MedNet performed the billing function at the Ariton Clinic for three years. (Dunn depo., p. 147:5-148:4) (See attached portion of transcript as <u>Exhibit A</u> for ease of locating).

Dunn again attempts to change her previous testimony to persuade this court that the move for the Ariton Clinic to have a third party billing service was only temporary and therefore would not have outsourced Hughes as it did two days after Hughes returned to work from medical leave for brain surgery. Three years is hardly considered a "temporary shift" that Dunn now attempts to change. Dunn has not stated why she has sought to deviate from her previous testimony of three years to temporary and as such this sentence is due to be stricken.

In *Van T. Junkins and Associates v. U.S. Industries*, 736 F.2d 656 (11th Cir.1984), the Eleventh Circuit recognized that "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Id.* at 657; cf. *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 894 (5th Cir.1980)

(affidavit held not to be a sham where it purported to explain certain aspects of deposition testimony and where affiant stated that he was confused during deposition).

This circuit's precedent, therefore, counsels that an affidavit is properly considered a sham and due to be stricken whenever the affiant (1) makes a conclusory, unexplained assertion regarding a material fact which (2) directly contradicts that person's unequivocal deposition testimony. *Tippens v. Celotex Corp*. 815 F.2d 66, 68 (11th Cir.1987); See also *Davidson & Jones Dev. Co. v. Elmore Dev. Co.*, 921 F.2d 1343, 1352 (6th Cir.1991); *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir.1986); cf. *Penny v. United Parcel Serv.*, 128 F.3d 408, 416 (6th Cir.1997) ("[A]n inherently contradictory statement [cannot] constitute[ ] the 'significant probative evidence tending to support the complaint' required to withstand a motion for summary judgment." (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

This sentence is contradictory and should be stricken.

4.      Plaintiff moves the court to strike the first sentence of Dunn Affidavit-Paragraph 10, wherein Dunn states:

*10.    <u>In or about July 2004, Dr. Ennis discussed with me that Mr. Hughes'</u>*

> *job performance needed to improve in several areas– including billing– as indicated on the job evaluation attached to Plaintiff's Exhibit 10 to my deposition in this lawsuit.* Plaintiff's Exhibit 10 to my deposition is a true and accurate copy of Ms. Hughes' July 2004 job evaluation by Dr. Ennis, which was created in the ordinary course of business and has been kept and maintained as a business record of Dale Medical Center.

The underlined portion of Paragraph 10 is based on impermissible hearsay and the statement contradicts Dunn's previous testimony. Dunn was asked in her deposition if she had discussed the performance evaluation of Hughes with Dr. Ennis. Dunn initially said "no." (Dunn depo., p. 111:4-111:9).

Q. Did you discuss this evaluation with Ms. Hughes?
A. No, I didn't.
Q. Did you discuss it with Dr. Ennis
A. No.

(Dunn depo., pp. 111:4-111:9).

When questioned further if she had any knowledge of what job responsibilities plaintiff was performing, Dunn then changed her testimony to reflect that she and Ennis had <u>generally discussed</u> where he would like to see improvement. (Dunn depo., p. 111:10-19). After repeated questioning about what was discussed and what topics, Dunn stated, "I will have to be honest with you. I don't remember any specifics about any of the areas." (Dunn depo., p. 112:11-13). Dunn was then asked, "Generally do you recall anything about your conversation with Dr. Ennis?" (Dunn depo., p. 112:14-16). Dunn replied, **"I would be**

6

**guessing if I said anything. No."** (Dunn depo., p. 112:17-18).

Dunn in her recent affidavit has evidently had sudden recall or she is guessing as indicated in her prior testimony. However, in her affidavit, Dunn does not provide any reason why her deposition testimony has changed. Based on the prior inconsistent testimony and Plaintiff's legal argument above, Dunn's affidavit should be stricken.

Further this portion of the affidavit is due to be stricken in its entirety as it represents hearsay conversations between individuals and the mental conclusions of those individuals. Dr. Ennis is deceased and the plaintiff cannot cross-examine this witness. The statement is not subject to any hearsay exception. FRE 803. The underlined sentence is due to be stricken based on hearsay and lack of personal knowledge of this witness. FRE 602, 801(c).

5.   Plaintiff moves the court to strike the Dunn Affidavit- Paragraph 12 wherein Dunn attempts to testify to the mental impressions and actions of Dr. Ennis who is deceased.   Dunn provides:

> 12.   *In or about August 2004, Ms. Hughes ordered 10 times more flu vaccine for the clinic than she was instructed to order. The vaccine cost $25,000 and was non-returnable. Dale Medical Center considered this error to be very serious, and potentially financially crippling for a small rural clinic, <u>and both Dr. Ennis and I reprimanded her for that error.</u>*

Dunn does not have personal knowledge what Dr. Ennis did regarding the

discipline of Hughes nor does Dunn state how she knows that Dr. Ennis reprimanded Hughes.  There are no reprimands from Dr. Ennis or from Dunn for the matter, in Plaintiff's personnel file despite Dale Medical Center's policy concerning progressive discipline.  Dunn's testimony is therefore speculative and based on impermissible hearsay.  FRE 602, 801(c).

6. Plaintiff moves the court to strike the entire Dunn Affidavit-Paragraph 17 wherein Dunn states:

> *17. After Ms. Hughes returned from surgery, <u>Dr. Ennis and Ariton clinic employee Lisa Brookes both informed me separately that Dr. Ennis had asked Ms. Hughes to work on collecting overdue patient accounts.  Dr. Ennis and Lisa Brookes further informed me, prior to the decision to terminate Ms. Hughes' employment, that Ms. Hughes stated she could not collect the old accounts because those people were her friends.</u>*

Plaintiff moves the court to strike the underlined portion of Paragraph 17 of the Dunn Affidavit as being riddled with impermissible hearsay.  Dunn is testifying to hearsay twice removed and reflecting conversations that she, nor the Plaintiff, was present.  Further, Lisa Brooks has never been disclosed by the Defendant in any of its disclosures as a witness in its initial or supplemental disclosures.  FRCP 26.  Because defendant has not disclosed Ms. Brooks, the Defendant is attempting to back door Brooks' testimony to support its defenses in violation of FRCP 26(a)(A).

Plaintiff, since receiving Dunn's affidavit, has attempted on several occasions to telephone Ms. Brooks having found the telephone number of the undisclosed new witness and was never able to speak with Ms. Brooks. Any mention or reliance on the testimony of Ms. Brooks is hearsay and violates Rule 26.

A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. FRCP 37 (c)(1).(Emphasis added).[1]

Federal Rule of Civil Procedure 37(c) incorporates a concept of fundamental fairness that all parties must adhere to during the discovery process. Further Rule 37(c) not only contemplates, but mandates that if a party fails to make the required disclosures, and the failure is not harmless, then the party is not permitted to use the evidence. The fundamental purpose of Rule 37 is to ensure

---

[1] Rule 26 also requires discovery-related filings to be signed by the attorney of record. The signature certifies that the filing conforms to the discovery rules, is made for a proper purpose, and does not impose undue burdens on the opposing party in light of the circumstances of the case. Fed. R. Civ. P. 26(g)(2). Sanctions under Rule 26(g)(3) are not discretionary if the district court finds that a discovery filing was signed in violation of the rule.

that the merits of the case can be addressed at trial without any party suffering prejudice as a result of nonfeasance or malfeasance during discovery. *Centagon, Inc. v. Bd. of Dirs. of 1212 Lake Shore Drive Condominium Ass'n*, No. 00 C 1110, 2002 WL 356483, at *4 (N.D.Ill. Mar.5, 2002).

The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to judicial management of the case. *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir.), cert. denied, 516 U.S. 822, 116 S.Ct. 84, 133 L.Ed.2d 42 (1995).

Further, the same argument rings true for defendant's reliance on Dr. Ennis' testimony. He was not disclosed, obviously because he is deceased. His alleged testimony resurrected from the grave by Ms. Dunn is inadmissible. FRE 801, 802, 803.

7.      Plaintiff moves the court to strike the Dunn Affidavit- Paragraph 18 wherein Dunn states:

> 18.    *Because the billing, coding and data entry functions– the bulk of Ms. Hughes' job– were taken over by United ProBill in April 2005, and <u>because Dr. Ennis and I understood that Ms. Hughes did not intend to collect the overdue patient accounts, Dr. Ennis recommended the elimination of Ms. Hughes' position based on the fact that there was no longer a need for her position, on or about April 20, 2005.  I approved this recommendation for the same reasons, based both on the information I learned from Dr.</u>*

10

> *Ennis and on the information I learned independently from Lisa Brookes. Vernon Johnson subsequently approved the decision as well.*

Plaintiff's hearsay argument articulated above prohibits that this paragraph can be considered by this court. Dunn cannot testify to Ennis' statements. FRE 801.

8.   Plaintiff moves the court to strike the Dunn Affidavit- Paragraph 23 as inconsistent with her prior deposition testimony.

> *23.   No one was ever hired to fill the office manager position nor any similar position at Ariton clinic.*

Dunn testified that within one month (May 2005) of Hughes' termination, Pat Ennis was hired and took over the indigent program, a job Hughes had previously assumed. (Dunn depo., p. 174:22-23). For all the legal reasons cited above, this inconsistent statement should be stricken.

Dunn has provided no explanation why her Affidavit deviates from her sworn deposition testimony. Further, her affidavit is riddled with opinion and hearsay evidence and not based on the personal knowledge of the witness. The Federal Rules of Civil Procedure are clear: "Supporting and opposing affidavits shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters therein. FRCP 56(e). This affidavit does not include any

admissible facts or statements but is based on conversations from other people one of which is deceased and another witness not previously disclosed by defendant. Hughes' opinions, conversations and conclusions of Dr. Ennis and Ms. Brooks is not personal knowledge.

WHEREFORE, THESE PREMISES CONSIDERED, Plaintiff moves this Court to strike in its entirety, the Affidavit of Sheila Dunn and in the alternative, to strike paragraphs 8, 10, 12, 17, 18, and 23 referenced above.

        s/ Alicia K. Haynes
Alabama State Bar No.  ASB-8327-E23A
Attorney for Plaintiff
Deborah Hughes

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
ASB-8327-E23A

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of July, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer L. Howard, Esq.
Albert L. Vreeland, II, Esq.
Lehr Middlebrooks & Vreeland
P.O. Box 11945
Birmingham, Alabama 35202-1945

    s/ Alicia K. Haynes
**OF COUNSEL**