IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 1:06-cv-595-SRW |
| ) | |
| DALE COUNTY MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE**

Defendant Dale Medical Center responds as follows to Plaintiff's Motion to Strike Affidavit of Sheila Dunn.

**Paragraph 7:** Although Plaintiff indicated that she only wished to strike a portion of the quoted paragraph, she fails to indicate which portion she claims should be stricken. As grounds for her claim that the testimony should be stricken, she claims that the affidavit testimony is "inconsistent" and that it is based on an "awareness" rather than on personal knowledge.

However, Plaintiff fails to explain how paragraph 7 of Dunn's affidavit is inconsistent with anything. There is no inconsistency in the notion that Ms. Dunn was aware that Ms. Ennis was occasionally present in the clinic, although not aware of exactly how often Ms. Ennis was there nor how long Ms. Ennis stayed. Further, as noted in the cases cited by Plaintiff, Dunn need not specifically state in her affidavit the precise mode by which she becomes aware of certain facts in order for her testimony to be admissible. *See, e.g., Davis v. Valley Hospitality Services, LLC*, 372 F.Supp.2d 641, 653 (M.D. Ga. 2005) ("[C]ommon sense dictates that if an affiant is an employee of a

company, she has personal knowledge of events and circumstances that occurred at the company.")

**Paragraph 8:** Plaintiff again claims an inconsistency where none exists. Plaintiff objects to the word "temporary" as used to characterize the period of time that MedNet performed billing functions at the Ariton clinic. In fact, Dunn's affidavit is absolutely consistent with her deposition testimony. Both deposition and affidavit state that Ms. Hughes initially performed data entry, coding and billing functions at the Ariton clinic. Dunn Aff. ¶8; Dunn 30:1 – 31:11. Both state that the billing function was shifted to MedNet for a period of time, and then the billing function was returned to Ms. Hughes. Dunn Aff. ¶8; Dunn 26:6 – 26:8, 54:6-54:12, 147:6 – 147:9. Thus, there is no inconsistency.

**Paragraph 10:** Plaintiff again claims an inconsistency where none exists. Plaintiff fails to quote the portion of Dunn's testimony which shows that her affidavit is consistent. In her deposition testimony, Dunn was questioned about Plaintiff's July 2004 performance evaluation.[1] In the evaluation, Plaintiff was assessed at a level of "3" (denoting "meets expectations") in all but four categories. (See Defendant's Evidentiary Submission, DX 5.) In the following four categories, Plaintiff received a level of "2" (denoting "needs improvement"):

>Assures that all office staff follows [sic] established policies and procedures
>
>Organizes, evaluates and monitors business office operations
>
>Collects, maintains, and provides statistical data as directed

---

[1] The July 2004 evaluation is referenced in Dunn's deposition as Plaintiff's Exhibit 10, which is identical to Defendant's Exhibit 5.

> Maintains necessary information for financial reports and in regards to patient's **bills**, maintains accurate balances for each patient account.

DX 5 at p. 55 – 56 (emphasis added); Dunn 110:7 – 112:18.

Plaintiff neglected to include the following portion of Dunn's testimony concerning the evaluation:

> Q.    In 2004, as of July 2004, do you have any knowledge that on page 55 and 56 of this exhibit that Ms. Hughes was completing all of these 22 responsibilities?
>
> A.    Not specifically.  **The areas where he did not mark her – give her a three, those were general areas that he and I discussed where he would like to see improvement.**
>
> Q.    **When did you discuss this with Dr. Ennis?**
>
> A.    **Prior to him discussing the evaluation with Debbie.**
>
> Q.    **What was the purpose in discussing this with Dr. Ennis?**
>
> A.    I believe this might have been the first evaluation that he had done on her and **he just called me to go over the areas that he had not given her the three.**

Dunn 111:10 – 112:7 (emphasis added).  Dunn then explained that she did not recall specifics about what was discussed concerning each area.  Dunn 112:8 - 112:18.

As is evident from the quoted testimony, Dunn clearly testified in her deposition that she discussed with Dr. Ennis each of the areas in the evaluation in which he evaluated her performance as needing improvement.  One of those areas was Hughes' responsibility for billing.  Thus, Dunn's testimony does clearly indicate that she

3

discussed with Dr. Ennis Plaintiff's deficiency in performing the billing function, and therefore it is not inconsistent with her affidavit.

As further grounds for her motion, Plaintiff contends Dunn's affidavit testimony is hearsay. However, the cited portion of Dunn's affidavit is not hearsay, as it is not offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c). Rather, Dunn's affidavit testimony concerning Dr. Ennis's statements about Plaintiff's poor job performance are offered to prove their effect on Dunn and other hospital administrators in motivating them to decide to outsource the billing functions to an outside contractor. (See Dunn Aff. ¶13: "Because of the problems with Ms. Hughes' job performance . . . Dale Medical Center decided in August or early September 2004 to outsource the billing, coding and data entry functions for the Ariton clinic to an outside contractor.")

**Paragraph 12:** Again, Plaintiff contends that Dunn's affidavit testimony concerning Dr. Ennis' reprimanding Plaintiff for her poor job performance should be stricken as hearsay. This statement is admissible for the same reasons as stated above – it is offered not for the truth of the matter asserted but rather to show how Dunn's knowledge of Plaintiff's poor job performance was the motive for outsourcing Plaintiffs' job duties.

**Paragraphs 17 and 18:** Plaintiff incorrectly claims that Lisa Brooks has not been disclosed as a witness. In fact, Ms. Brooks was disclosed by Plaintiff as a witness in her initial disclosures,[2] her responses to interrogatory nos. 4-6, and in her deposition, in which she admitted that Ms. Brooks was a witness to the conversation between

---

[2] Paragraph 11 of Plaintiff's initial disclosures, attached hereto as Exhibit A, identify "Lisa Combee." In Plaintiff's deposition, she explains that Lisa Combee and Lisa Brooks are the same person, as Ms. Combee changed her name to Brooks when she

4

Plaintiff and Dr. Ennis in which he requested that Plaintiff work on collecting old accounts. (See Exhibits A - C hereto.)

As for Plaintiff's hearsay objection, the statements are not hearsay because they are not offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Rather, these statements are offered to show Dunn's understanding of Dr. Ennis' reason for recommending the termination of Plaintiff's employment, and Dunn's reason for approving that recommendation, which is the central issue in this litigation.

**Paragraph 23:** Dunn's statement that no one was hired to fill the office manager position or any similar position at Ariton clinic is entirely consistent with her deposition testimony. In her deposition, Dunn testified that Mrs. Ennis was hired as a part-time employee, to work at the Ariton clinic on an as-needed basis. Dunn 21:12 – 22:11, 25:19 – 26:5, 42:9 – 43:11, 148:16 – 150:12. Mrs. Ennis' duties consisted of filing and any other odd jobs that were not getting done. Id. Mrs. Ennis' title was not office manager, and she did not perform the same duties that Plaintiff had performed. Id.; Dunn at 148:05-150:06. Although she sometimes filled out paperwork related to the indigent patient program, that task was also sometimes performed by other employees. Dunn 174:22 – 176:15. Thus, Dunn's affidavit is entirely consistent with her deposition testimony.

Defendant accordingly prays that the Court deny Plaintiff's Motion to Strike in its entirety.

---

married. Hughes 129:16 – 129:21, attached hereto as Exhibit C.

           Respectfully Submitted,


           <u>s/Jennifer L. Howard</u>
           Jennifer L. Howard ASB-9511-O68J

LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002


## CERTIFICATE OF SERVICE

     I hereby certify that on July 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

           Alicia K. Haynes, Esq.
           Haynes & Haynes, P.C.
           1600 Woodmere Drive
           Birmingham, AL 35226


           Respectfully submitted,

           <u>s/Jennifer L. Howard</u>
           Jennifer L. Howard ASB-9511-O68J
           Lehr Middlebrooks & Vreeland, P.C.
           P.O. Box 11945
           Birmingham, AL 35202-1945
           Phone:  (205) 326-3002
           Fax:  (205) 326-3008
           E-mail: jhoward@lehrmiddlebrooks.com
           Bar No.: ASB-9511-O68J

181645.doc