**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH HUGHES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **1:06-cv-00595-SRW** |
| DALE COUNTY MEDICAL CENTER, | ) | |
| | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S ANSWERS TO
## DEFENDANT'S INTERROGATORIES

COMES NOW, the plaintiff, Deborah Hughes, and hereby objects and/or responds to Defendant's First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

Plaintiff objects to each and every Interrogatory on each of the following grounds:

1.    Plaintiff's objections to Defendant's First Interrogatories to Plaintiff are made without waiver of, or prejudice to, any additional objections Plaintiff may make.

2.    All objections are hereby expressly preserved, as is the right to move for a protective order.

3.    Plaintiff reserves all objections as to admissibility at trial of any information provided.

4.    Plaintiff objects to each and every Interrogatory to the extent that the information called for, if any, was obtained and prepared in anticipation of litigation or for trial and Defendant has made no showing that it has substantial need for the materials in the preparation of its case and that it is without undo hardship to obtain the substantial equivalent of materials by other means. Plaintiff further objects to each and every Interrogatory to the extent that the information called for, if any, is privileged and is not discoverable under Rule 26(b)(3), Federal Rules of Civil Procedure.

5.    Plaintiff objects to each and every Interrogatory to the extent that the information called for, if any, is protected from discovery by the attorney-client privilege.

6.    Plaintiff reserves the right to supplement its responses to Defendant's First Interrogatories to Plaintiff upon completion of discovery.

## INTERROGATORIES

1.    Please state your full name and every name you have ever been known by (including nicknames and/or aliases), date and place of birth, social security number, telephone number, present home address, addresses of all residences at which you have lived during the past five (5) years, the dates during which you resided at each address, and identify all persons residing in the same residence with you at any time during the past five years.

**ANSWER:**

Deborah Nan Fain, Debbie Nan Fain, Deborah Fain Hughes, Debbie Fain Hughes, Deb Hughes, born: Dale County (Dale Medical Center), Home Address: 1531 County Road 4420, Brundidge, Alabama 36010, Person(s) residing in home: Husband, Randolph Hughes (Randy).  The defendant has my date of birth and social security number.  I object to placing personal identifiers in public documents.

      2.     Identify every person with whom you have discussed (in any manner, e.g., in person, by telephone, by e-mail, etc.) the claims, allegations or subject matter of this lawsuit, what was said during the discussion, where and when the discussion occurred, any witnesses and any documents that reflect any aspect of the conversation or communication.

**ANSWER:**

Emmett Fain (father), Betty Fain (mother),discussed fear of my future which took place in parents home; Gary Fain (brother), how to stay strong, trust in God, try not to let this take total control over my life, which took place in parents home; Richard Fain (brother), discussed details of what was known of impending case and strong brotherly support; Rebekah Fain Louden (sister) discussed emotional stress and impact that this is having on all of the family which took place in parents home; Randy Hughes (husband), privileged communications.  The impact of depression building every single day; Josh Hughes(son) how the lawsuit was going and emotional distress.

      3.     Identify each person whom you know or believe has been contacted by you or by anyone acting on your behalf about any matter related to this case or your charge of discrimination.

**ANSWER:**

None.  Any communication by my attorney would be attorney work product.

4.      Identify all employees and former employees of Defendant with whom you have had any contact since your employment with Defendant ended, and describe the nature of said contact.

**ANSWER:**

Cheryl Petrey – I told her that I filed suit against DMC. Discussed this in front of Ariton Medical Clinic;

Lisa Brooks – I asked her to write a letter stating that Dr. Ennis wanted me to take over handling all patient bills and problems with each one directly. Dr. Ennis stated that I was not office manager two weeks before I stepped down, but was given the role/title of office manager, which everyone in the office knew that I was since the time DMC took over.

5.      Identify each and every person whom you believe has or may have knowledge of matters alleged in Plaintiff's Complaint, the basis for your claim that Defendant has discriminated against you and/or your damages claims. This interrogatory is continuing in nature pursuant to Federal Rule of Civil Procedure 26(e).

**ANSWER:**

See Plaintiff's Rule 26 Disclosures. Additionally, Plaintiff will timely supplement her response.

6.      With respect to each and every person listed in response to the preceding interrogatory, state what knowledge you believe each could have related to your claims against Defendant or your damages claims.

**ANSWER:**

Pat Ennis (wife of Doctor), Cheryl Petrey, Lisa Brooks and Karen Williams worked in the office with me and can testify to my job duties and the discrimination, harassment and adverse treatment I received.

7.      Identify each person whom you know or believe to have signed a statement related to the subject matter of this lawsuit.

**ANSWER:**

None to my knowledge.

8.    Identify each person whom the Plaintiff expects to call as an expert witness at trial. For each, please provide the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify; and the grounds for each opinion.

**ANSWER:**

None at this time.

9.    Are you aware of any current or former employees of Defendant, other than yourself, whom you contend were discriminated against on the basis of age or disability, were denied their rights under the Family and Medical Leave Act, or were retaliated against for pursuing their rights under the Americans with Disabilities Act, the Age Discrimination in Employment Act, or the Family and Medical Leave Act by an employee of Defendant within the last five years? If the answer to this interrogatory is in the affirmative, please identify each person and identify the employee of Defendant whom you contend engaged in the specified unlawful conduct.

**ANSWER:**

None at this time.

10.    Identify all of your employers from the time you left high school through the present (including yourself, for any periods of self-employment), and for each employer state the following: the dates of employment, each position you held, the dates you held each position, your rate of pay in each position, your duties and responsibilities in each position and any changes therein, all benefits you received in each position and any changes therein, and the number of hours per week you worked in each position and any changes therein, your immediate supervisor's name in each position, your total compensation, and every reason for your separation from each employer.

**ANSWER:**

Dr. Robert F. Zumstein (began work December 1974), positions held: lab
technician (start pay: $2.76/hour), receptionist (start pay $3.25./hour), physician's
assistant ($4.00/hour), billing, coder, accounts receivable ($8.00/hour).
Responsibilities for each position: Lab Tech: drew blood & performed lab
tests. Receptionist: bookkeeping, kept records, check patients in and out, answer
phones. PA: administered injections, performed x-rays and EKG's, set up minor
surgery trays, assisted doctor during routine tests and exams. (Dates of positions
held: December 1974-April 1998. Benefits as employee of Dr. R.F.
Zumstein: health insurance, 401k. Hours worked per week: 50-60
hours. Supervisor's name: R.F. Zumstein. Total compensation: Hourly pay. Stayed
as employee until DMC took control.

Employer Ariton Medical Clinic-Dale Medical Center, May 1998-2002, Dr. John
M. Blough, DO. Position: Office Manager ($9.00 hour) Had managerial
responsibilities over all facets of office to make sure all ran smoothly. Was
responsible for 6 other employees. Benefits: health insurance only. (final pay with
Dr. Blough $10.00/hour) I worked 40+ hours per week. Employer: Dr. John A.
Ennis, DO, 2002-2005. Office Manager (start salary, $10.00/hour, ending salary,
$11.36 hour). Responsible for office and 4 other employees. Benefits: health
insurance only. Started work at 40 hours, then dropped down to 35.

11. From the time that your employment with Defendant ended to the
present, describe in detail (including, but not limited to, each date, every person
contacted, the nature of the contact, and the result) every effort you have made to
secure employment including, but not limited to, every application or resume you
submitted to a prospective employer or agency, every visit you made to a
prospective employer or employment agency, every phone call you made to a
prospective employer or employment agency, and every other contact you have
had with a prospective employer or employment agency.

**ANSWER:**

In June 2005, Dr. Kesserwani called my home and offered a job of referring
patients to other physicians. Did not accept because it was too soon after being let
go from DMC and this doctor's office was right next door. I was having severe
panic attacks.

October 2005, sent resume to office manager, Cheryl DiChiara for a receptionist position with Dr. Pink Folmar. Interviewed. Job was awarded to another candidate.

December 2005, sent resume to SARAH GROUP. Never heard back.

March 2006, Dr. Meghani called my home and offered position of office manager, PA, bookkeeper. Offered salary of $9.00/hour, offered insurance to me at my expense of $822.00/month. Was unable to afford insurance.

July 2006, resume sent to a nurses aid position at Ft. Rucker, AL. Not accepted because position required military status.

Applied at Sodexho. Never heard back.

August 2006, interviewed with WalMart distribution center in Brundidge, AL. Job incurred lifting 50-90 lbs. Could not accept due to lifting restrictions.

August 2006, interviewed for Accounts Clerk II position at Troy State University. Job was awarded to another.

August 2006, sent resume online to First Support Services, never heard back.

September 11, 2006, applied to Lowe's online. Response received – not hiring at that time.

September 2006, Applied at Carter Brothers Manufacturing Company in Brundidge, AL. Never heard back.

September 2006, interviewed with office manager at office of Dr. Scott Thompson. Was not willing to offer insurance.

October 2006, online application for pharmacy tech position. Never heard back.

October 2006, applied for a meter reader position in Pike County. Never heard back.

October 2006, applied for meter reader and electrical reader. Never heard back.

October 2006, applied online for a nurses assistant position. Never heard back.

October 2006, applied online at WalMart super center in Troy, AL. Company was not hiring.

October 2006, applied at Community Home Health Center in Troy, AL. Still pending.

12.    Since your separation from employment with Defendant to the present, have you declined, resigned, refused or otherwise rejected any opportunity or offer of new or continued employment? If so, state each and every date, the name of each employer offering employment, the terms and conditions of the employment offered, and every reason you did not accept the offered employment.

**ANSWER:**

Turned down position with Dr. Kesserwani and Dr. Meghani. See Response to 11 above.

13.    Identify each category of damages and other relief which you seek in this litigation. With respect to each category for which you seek monetary damages, state the amount of monetary damages you seek to recover, and describe the basis for your calculation of this amount.

**ANSWER:**

Seeking monetary damages for compensatory injury and for medical bills, medical prescriptions, lost wages, loss of medical insurance, legal fees, mental anguish, punitive damages, liquidated damages, if applicable, and injunctive relief. Plaintiff also seeks attorney fees and costs. Plaintiff further seeks front pay or reinstatement.

14.    State all facts upon which you base your claim of entitlement to an award of punitive damages in this lawsuit.

**ANSWER:**

The Defendant's intentionally discriminated against me based on my serious
health condition. I was constantly harassed and my physical and mental well
being comprised. I was humiliated and demeaned by Defendant.

15.    Do you claim of entitlement to an award of damages for emotional
distress and/or mental anguish? If so, state each and every way in which the
emotional distress and/or mental anguish has manifested itself, whether it be
mentally, emotionally, physically, and/or in any other manner.

**ANSWER:**

Yes. I have suffered from weight loss, depression, suicidal thoughts, marital
problems, hopelessness, problems coping with everyday life.

16.    Identify each and every health care provider that you have seen or
consulted within the last five (5) years, including doctors, hospitals, psychiatrists,
mental health institutions, psychologists, counselors, drug treatment facilities,
alcohol treatment facilities, and other such health care providers. With respect to
each health care provider identified in this interrogatory, state the dates and
reasons you saw or consulted each health care provider identified and the results,
outcome, advice, diagnosis, treatment and/or conclusions given to you by each.

**ANSWER:**

Dr. Luna Sy
Dr. Robert Craddock
Carraway Methodist
Dr. Hassan Kesserwani
CVS Pharmacy
Quest Diagnostics
Radiology Associates of Dothan
Christopher Ahmed
Southeast Alabama Medical Center
Scott Charleston

17.    Identify any prescription medication you have taken in the last five
(5) years, who prescribed the medication, the period of time you took said
medication, and your understanding of why it was prescribed.

**ANSWER:**

I am currently requesting an updated printout of my prescriptions for the last five years and will supplement this response.

18.    Describe your education, including but not limited to identifying all schools attended, courses attended, dates of attendance, military training received, on the job training received, all degrees or certifications received and the dates thereof.

**ANSWER:**

High school diploma, 2 years community college. Certificates to follow. First employer, Dr. Zumstein taught me to draw blood, give injections. Addie Haynes (now deceased) taught me lab procedures, Helen Ellis, LPN, taught lab procedures, x-rays, and EKG's.

19.    Have you ever applied for Social Security benefits or disability benefits of any kind? If so, please state when you applied for the benefits, the name and address of the person or entity to whom you applied, whether you were awarded such benefits, when you began to receive such benefits, and the amount of such benefits.

**ANSWER:**

None known.

20.    Have you ever applied for unemployment compensation benefits? If so, in what state, when and with respect to your employment with which employer(s)?

**ANSWER:**

Yes in 2005 in the state of Alabama against Dale Medical Center.

21.    If you have ever been arrested or convicted of a crime other than a minor traffic violation, identify the alleged crime, date of arrest, the court hearing the case, case number, jurisdiction, and outcome of the proceeding.

**ANSWER:**

No.

22.    Have you ever filed for bankruptcy protection? If so, identify the date of each such filing, the place where the filing was made, the lawyer representing you, if any, and the case number.

**ANSWER:**

No.

23.    Identify and describe every civil lawsuit in which you have been involved as a party, including in those descriptions the date the lawsuit was filed, the court in which it is or was pending, the presiding judge, the names of the attorneys involved, the identity of the parties, your involvement in and knowledge of the dispute, the nature and substance of the dispute, whether or not you were deposed, the parties' respective positions and contentions, the date on which the dispute was disposed of and the means, nature and substance of the resolution.

**ANSWER:**

None.

24.    Identify any and all civic, religious, activist, or other organizations, groups, associations, or similar bodies that you are presently a member of or have been a member of during the ten year period preceding the date the Complaint was filed in this action. Include in your response a list of any and all positions you have held or committees you have served on within these organizations and a brief description of the purpose or mission of the group or organization.

**ANSWER:**

Pleasant Grove Baptist Church member.

25.    Identify by name, address, and occupation all of your living relatives (including your spouse, grandparents, parents, siblings, children, aunts, uncles and cousins, and all of their spouses) who are over the age of 18 and who reside in the Middle District of Alabama.

**ANSWER:**

Randolph Hughes, 1531County Road 4420, Brundidge, Al 36010, self-employed and South AL Livestock; Emmett & Betty Fain, 3606 N. County Rd.,21, Ozark, AL 36360, Retired; Richard Fain, P.O. Box 31, Ariton, AL 36311, Sloss Industries; Gary Fain, 117 Bent Oak Drive, Dothan, AL 36303, Michelin Tire Corporation; Rebekah Louden, 3606 N. County Rd., 21, Ozark, AL 36360, retired; Joshua Hughes, 207 Spyglass Road, Dothan, AL 36305, Network Engineer; Nancy Fain, 117 Bent Oak Drive, Dothan, A 36303, Southern Eye Clinic; James Fain, 1479 W. County Road 36, Ozark, AL 36360, retired; Geraldine Fain, 1479 W. County Rd.,36, Ozark, Al 36360, retired; Sandra Peters, County Rd.,11, Ozark, AL 36360, Dale Medical Center; Jeff Peters, County Rd 11, Ozark, AL 36360, (unknown employment); Brooke Hughes, 207 Spyglass Road, Dothan, AL 36305, Beverly Middle School.

Deborah Hughes

STATE OF ALABAMA       )
COUNTY OF Pike         )

    Before me, the undersigned, a Notary Public in and for said County and State, personally appeared Deborah Hughes, who, under oath, states that the matters and things alleged in the foregoing are true and correct.

    This the ___ day of ___, 2006.

Notary Public

My commission expires:

NOTARY PUBLIC STATE OF ALABAMA AT LA
MY COMMISSION EXPIRES: Feb 7, 2007
BONDED THRU NOTARY PUBLIC UNDERWRITER

As to objections:

Respectfully submitted,

Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
ASB-8327-E23A

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing has been served upon the following, by placing a copy of same in the U.S. Mail, properly addressed and postage prepaid on this the ___12___ day of ___January___, 2006.

Jennifer L. Howard
Albert L. Vreeland
Lehr Middlebrooks & Vreeland, P.C.
P.O. Box 11945
Birmingham, AL  35202-1945

OF COUNSEL