IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:06CV595-SRW |
| | ) | (WO) |
| DALE COUNTY MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is before the court on plaintiff's motion to strike the affidavit of Sheila Dunn (Doc. # 26). Plaintiff moves to strike the entire affidavit or, in the alternative, to strike various portions of the affidavit. Plaintiff argues, in part, that the affidavit is due to be stricken because it is neither dated nor notarized. (Motion, ¶ 1). Defendant has responded to the motion to strike, but has not addressed this contention. Under 28 U.S.C. § 1746, a declaration "under penalty of perjury, and dated" is admissible in lieu of a sworn affidavit on a motion for summary judgment. Thus, notarization was not required. However, the statute expressly requires that to substitute for a sworn declaration or affidavit, an unsworn declaration must be dated. The undated declaration does not meet the requirements of the statute and, therefore, is inadmissible in its entirety on the present motion. See Wells v. Cramer, 2008 WL 110088, * 3 (11th Cir. Jan. 11, 2008)("Federal law . . . does provide an alternative to making a sworn statement, but requires that the statement include a handwritten averment, signed and dated, that the statement is true under the penalties of perjury.); Counts v. Kraton Polymers, 2008 WL 162831 (6th Cir. Jan. 18, 2008)(district court did not abuse

its discretion by striking undated declaration); Bonds v. Cox, 20 F.3d 697, 702 (6th Cir. 1994)("Unsworn declarations are permitted to be used as evidence only if 'subscribed . . . as true under penalty of perjury, *and dated*[.]' 28 U.S.C. § 1746 (emphasis added). Although Bonds' additional affidavits were subscribed under penalty of perjury, they were undated. Given the explicit language of the statute, they must therefore be excluded from consideration.").

Additionally, the court notes that the substitute affidavit filed by plaintiff on July 13, 2007 does not bear her signature. Accordingly, the court will vacate its order allowing the substitution. Therefore, it is

ORDERED that plaintiff's motion to strike (Doc. # 26) is GRANTED. The court has not considered Dunn's affidavit in resolving the defendant's motion for summary judgment.

It is further ORDERED that the order of the court (Doc. # 25) granting plaintiff's motion to substitute affidavit of Deborah Hughes is hereby VACATED. The court has considered plaintiff's earlier, signed affidavit in resolving the defendant's motion for summary judgment.[1]

DONE, this 16th day of April, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The second affidavit corrected only grammatical errors and did not change the substance of the affidavit. See Plaintiff's Motion to Substitute (Doc. # 24).