IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 1:06-cv-595-SRW |
| ) | |
| DALE COUNTY MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR PARTIAL RECONSIDERATION**

Defendant Dale Medical Center ("Defendant") moves this Court to reconsider in part its Order of April 16, 2008, granting in part but denying in part Defendant's Motion for Summary Judgment. As grounds for this Motion, Defendant states as follows:

**1. Defendant is entitled to summary judgment on Plaintiff's insufficiently pled and remediless claim of ADEA hostile environment.**

In the Court's Memorandum Opinion of April 16, 2008, the Court held that Plaintiff is entitled to proceed with a claim under the Age Discrimination in Employment Act ("ADEA") that she was subjected to different terms and conditions of employment, based on alleged harassment, because of her age. (Memorandum Opinion and Order at p. 20 – 21 and 37.) Defendant respectfully requests that the Court reconsider this holding, as Plaintiff neither satisfied the notice pleading requirements of FRCP 8, nor would Plaintiff have any remedy for such a claim.

**a.  Plaintiff Failed to Satisfy Notice Pleading Requirements.**

In Plaintiff's Complaint, "Count One, Age Discrimination," alleges that Defendant discriminated against Plaintiff by terminating her employment. (Complaint, ¶41.)

Nowhere in Count One does Plaintiff use the words "harassment" or "hostile environment," nor does Count One mention any allegations of harassing conduct. Nowhere in Plaintiff's initial factual allegations does she suggest that any offensive conduct was related to her age, and Plaintiff's initial factual allegations merely state that she was "harassed . . . during her time off for surgery." (Complaint, ¶20.)

The Court's decision relied on Plaintiff's passing mention in Count One, immediately following her termination claim, that "[a]s a proximate result of Defendant's unlawful intentional discrimination, Plaintiff suffered different terms and conditions of employment than younger workers." (*Id.* at ¶42.) Plaintiff's Complaint never states that she was subjected to a "hostile work environment" or "harassment" because of her age.

Count One fails to satisfy notice pleading requirements as to any claim of harassment based on age. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The point is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).

Plaintiff's passing mention of "terms and conditions of employment" fails to state an age-based harassment claim with sufficient specificity to satisfy this standard. For example, in *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 - 975 (11th Cir. 2008), the Eleventh Circuit held that conclusory allegations in the complaint that plaintiffs were "**denied promotions** and treated differently than similarly situated white employees solely **because of race**," were insufficient to put employer on notice that employees were complaining of discriminatory failure to promote with respect to certain

2

<u>specific</u> positions not identified in the complaint, where the complaint did identify other specific positions that the plaintiffs alleged they were discriminatorily denied. *See Davis*, 516 F.3d at 974 – 975 (emphasis added). The plaintiffs in *Davis* gave far more notice of their claims than the Plaintiff in this case. If the plaintiffs in Davis failed to satisfy notice pleading for claims of failure to promote to specific positions, even though they generally alleged that they were "denied promotions . . . because of race" then the Plaintiff in this case clearly failed to satisfy notice pleading merely by a passing mention of "different terms and conditions of employment" rather than specifically alleging harassment due to age.

The Court reasons in part that Defendant had notice of the claim because a portion of Defendant's Statement of Facts is captioned "Plaintiff's Claims of Harassment." However, Defendant's brief addressed "harassment" <u>solely</u> in response to Plaintiff allegations of Intentional Infliction of Emotional Distress. Although Plaintiff's Complaint never used the terms "hostile work environment" or "harassment" in Count One (ADEA), Plaintiff used those terms in Count Five, Intentional Infliction of Emotional Distress. (Complaint, ¶¶70, 71). Defendant's response to the harassment claims in Count Five, Intentional Infliction of Emotional Distress, should in no way be understood to indicate that Defendant was on notice of any allegation whatsoever of age-based harassment.

Accordingly, Defendant requests that the Court reconsider its order denying summary judgment to Defendant on Plaintiff's newly-articulated claim of harassment based on age, as Plaintiff failed to plead the claim with sufficient specificity to satisfy FRCP 8.

### b. Plaintiff Is Without Standing To Prosecute An ADEA Harassment Claim, As She Has No Remedy.

Damages under the ADEA are limited to backpay. 29 U.S.C. § 626; *C.I.R. v. Schleier,* 515 U.S. 323, 324 (1995) ("the statute lacks . . . the availability of compensatory damages.")

Since Plaintiff's newly-articulated claim of harassment based on age is limited to the time period prior to her termination, she did not lose any wages as a consequence of any alleged harassment. As Plaintiff has no damages, she has no remedy under the ADEA.

"Only someone who claims he has been, or is likely to be, harmed by the ongoing discriminatory practice has an adequate stake in the litigation to satisfy the 'case or controversy' requirement of Article III [of the U.S. Constitution]." *See Davis*, 516 F.3d at 965 (citing *Flast v. Cohen*, 392 U.S. 83, 99-101 (1968)). "[The] irreducible constitutional minimum of standing requires: (1) that the plaintiffs have suffered an injury in fact -- an invasion of a judicially cognizable interest. . . [and] that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Since Plaintiff has no remedy, Plaintiff is without standing to prosecute her newly-articulated claim of harassment based on age.

### 2. Conclusion

Accordingly, Defendant respectfully requests that the Court reconsider its Order dated April 16, 2008, and grant Defendant summary judgment as to Plaintiff's ADEA

claim that she was subjected to different terms and conditions of employment than younger workers.

                Respectfully Submitted,

                s/Albert L. Vreeland, II
                Albert L. Vreeland, II ASB-0066-V78A

                s/Jennifer L. Howard
                Jennifer L. Howard ASB-9511-O68J

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
Phone: (205) 326-3002
Fax: (205) 326-3008
E-mail: jhoward@lehrmiddlebrooks.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 17, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Alicia K. Haynes, Esq.
        Haynes & Haynes, P.C.
        1600 Woodmere Drive
        Birmingham, AL  35226

                s/Jennifer L. Howard
                OF COUNSEL

200770