**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEBORAH HUGHES,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NUMBER:** |
| **V.** | ) | **1:06-CV-595-SRW** |
| | ) | |
| **DALE COUNTY MEDICAL CENTER,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Dale Medical Center, Defendant in the above-styled action ("Defendant"), requests that this honorable Court charge the jury as follows:

### AT WILL EMPLOYMENT

1.     Alabama is an "at will" employment state.   That means that, under Alabama law, employment is generally terminable at will by either party, with or without cause or justification--for a good reason, a wrong reason, or no reason at all.

GIVEN _____        REFUSED _____

Authority:  APJI 41.06.

## EMPLOYER'S PREROGATIVE TO SET STANDARDS

2.     The basic principle of at-will employment is that an employer has the right to require its employees to follow certain rules, and an employer may terminate an employee for good reason, bad reason, a reason based on erroneous facts, or no reason at all absent intentional discrimination or unlawful retaliation.

GIVEN _____          REFUSED _____

Authority: *Abel v. Dubberly*, 210 F.3d 1334, 1339 n.5 (11th Cir. 2000).

**CONSIDERATION OF THE EVIDENCE**
**DUTY TO FOLLOW INSTRUCTIONS**
**CORPORATE PARTY INVOLVED**

3.     In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

GIVEN _____          REFUSED _____

Authority:  11th Circuit Pattern Jury Instruction 2.2.

## CREDIBILITY OF WITNESSES

4.    Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

GIVEN _____        REFUSED _____

Authority:  11th Circuit Pattern Jury Instruction 3.

## IMPEACHMENT OF WITNESSES
## INCONSISTENT STATEMENT

5.      You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

GIVEN _____        REFUSED _____

Authority:  11th Circuit Pattern Jury Instruction 4.1.

**PLAINTIFF BEARS ULTIMATE BURDEN OF PROOF**

6.     In this case Plaintiff to bears the ultimate burden of proving that she has been the victim of discrimination or retaliation by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."  If the proof should fail to establish every essential element of the Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant.

A "preponderance of the evidence" means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If you find that the proof is equally susceptible to a verdict in favor of either party, then you must find for the Defendant.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

GIVEN _____          REFUSED _____

Authority:  11th Circuit Pattern Jury Instruction 6.1 (as modified); Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 72.01 (as modified); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 514-15, (1993); *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977 (1988); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792  (1973); *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981); *Williams v. General Motors Corp.*, 656 F.2d 120 (5th Cir. 1981), *cert. denied*, 455 U.S. 943, 102 S. Ct. 1439, 71 L. Ed. 2d 655 (1982).

## DUTY TO DELIBERATE

7.    Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

GIVEN _____          REFUSED _____

Authority:  11th Circuit Pattern Jury Instruction 7.1.

## AGE DISCRIMINATION

8.    In this case the Plaintiff makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against their employees in the terms and conditions of their employment because of the employee's age.

More specifically, the Plaintiff claims that she was subjected to a hostile or abusive work environment because of harassment based on her age, which is a form of prohibited employment discrimination.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:  That the Plaintiff was subjected to a hostile or abusive work environment, as hereafter defined, because of her age;

Second:   That such hostile or abusive work environment was created or permitted by a supervisor with immediate or successively higher authority over the Plaintiff; and

Third:  That the Plaintiff suffered damages as a proximate or legal result of such hostile or abusive work environment.

A work environment is hostile or abusive because of harassment based on age only if (1) the Plaintiff was subjected to offensive acts or statements because of her age; (2) such acts or statements were unwelcome and had not been invited or solicited, directly or indirectly, by the Plaintiff's own acts or statements; (3) such acts or statements resulted in a work environment that was so permeated with discriminatory intimidation, ridicule or insult of sufficient severity or pervasiveness that it materially altered the conditions of the Plaintiff's employment; (4) a reasonable person, as distinguished from someone who is unduly sensitive, would have found the workplace to

be hostile or abusive; and (5) the Plaintiff personally believed the workplace environment to be hostile or abusive.

Whether a workplace environment is "hostile" or "abusive" can be determined only by looking at all the circumstances including the frequency of the discriminatory conduct; its severity; whether it was physically threatening or humiliating; and whether it unreasonably interfered with the employee's work performance. The effect on the employee's mental and emotional well being is also relevant to determining whether the Plaintiff actually found the workplace environment to be hostile or abusive; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Conduct that only amounts to ordinary socializing in the workplace such as occasional horseplay, sporadic or occasional use of abusive language, age related jokes, and occasional teasing, does not constitute an abusive or hostile environment. Only extreme conduct amounting to a material change in the terms and conditions of employment is actionable.

When a hostile or abusive work environment is created by the conduct of a supervisor with immediate or successively higher authority over the Plaintiff, the Defendant employer is responsible under the law for such behavior and the resulting work environment.

When a hostile or abusive work environment is created and carried on by nonsupervisory fellow workers of the Plaintiff, the Defendant, as the Plaintiff's employer, will be responsible or liable for permitting such behavior only if the Plaintiff proves by a preponderance of the evidence that the Plaintiff's supervisor or successively higher

authority knew (that is, had actual knowledge), or should have known (that is, had constructive knowledge), of the hostile or abusive work environment and permitted it to continue by failing to take remedial action.

To find that a supervisor had constructive knowledge of a hostile or abusive work environment – that is, that the supervisor should have known of such environment – the Plaintiff must prove that the hostile or abusive environment was so pervasive and so open and obvious that any reasonable person in the supervisor's position would have known that the harassment was occurring. Even though you may have already determined that the Plaintiff was in fact exposed to a hostile or abusive work environment, that alone is not determinative of the issue of the supervisor's knowledge; rather, you must find that the discriminatory harassment to which the Plaintiff was exposed was so pervasive and unconcealed that knowledge on the part of the supervisor may be inferred.

If you find that the Plaintiff has proved each of the things she must prove in support of her claim, you will then consider the Defendant's affirmative defense to that claim.

In order to prevail on the affirmative defense, the Defendant must prove each of the following facts by a preponderance of the evidence:

First: That the Defendant exercised reasonable care to prevent and correct promptly, any harassing behavior in the workplace; and

Second: That the Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Defendant to avoid or correct the harm or otherwise failed to exercise reasonable care to avoid harm.

Ordinarily, proof of the following facts will suffice to establish the exercise of "reasonable care" by the employer: (a) that the employer had promulgated an explicit policy against harassment in the workplace; (b) that such policy was fully communicated to its employees; and (c) that such policy provided a reasonable avenue for the Plaintiff to make a complaint to higher management. Conversely, proof that an employee did not follow a complaint procedure provided by the employer will ordinarily suffice to establish that the employee "unreasonably failed" to take advantage of a corrective opportunity.

If you find that the Plaintiff has proved her claim, you are instructed that Plaintiff is not entitled to damages for this claim. You are instructed that if you find Plaintiff proved that Defendant subjected her to a hostile environment because of age, the Court will determine Defendant's penalty for this conduct and you should not make any monetary award.

GIVEN _____          REFUSED _____

Authority: 11th Circuit Pattern Jury Instruction 1.2.2 (as modified); 29 U.S.C. 623(a); 29 U.S.C. § 626 (damages are limited to backpay); *C.I.R. v. Schleier,* 515 U.S. 323, 324 (1995) ("the statute lacks . . . the availability of compensatory damages"); *Apodaca v. Secretary of Dept. of Homeland Sec.*, 161 Fed.Appx. 897, 899 (11th Cir. 2006) (holding the same standard applies to ADEA hostile environment cases as in Title VII cases).

## RETALIATION – ESSENTIAL ELEMENTS

9.      The Plaintiff alleges that the Defendant retaliated, that is, took revenge against the Plaintiff because the Plaintiff exercised her rights under certain federal laws. In order for Plaintiff to establish a claim of retaliation, Plaintiff must prove four elements by a preponderance of the evidence:

First:  that she engaged in statutorily protected conduct;

Second:  that she was subsequently subjected to an adverse employment action; and

Third:  that the adverse employment action was causally related to the Plaintiff's statutorily protected activities; and

Fourth:  that the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

GIVEN _____        REFUSED _____

Authority: 11th Circuit Pattern Jury Instruction 1.10.3 (as modified); *Daugherty v. Mikart, Inc.*, 205 Fed.Appx. 826, 827 (11th Cir. 2006).

13

## STATUTORILY PROTECTED CONDUCT

10.    "Statutorily protected conduct," as it applies in this case, is defined as exercising rights to which Plaintiff was entitled under the Family and Medical Leave Act, or making a good-faith complaint alleging age or disability discrimination.  To establish that a complaint was made in "good faith," it is insufficient for Plaintiff to merely allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In this case, Plaintiff claims that she engaged in statutorily protected conduct by taking medical leave under the Family and Medical Leave Act and by filing a complaint alleging age and disability discrimination with the Equal Employment Opportunity Commission after her employment ended.  You are instructed that the law prohibits any retaliatory action being taken against an employee because the employee has taken medical leave under the Family and Medical Leave Act or because the employee made a good-faith complaint alleging age or disability discrimination.

GIVEN _____          REFUSED _____

Authority:  See 29 U.S.C. § 623(d); 29 U.S.C. § 2615; 42 U.S.C. § 12203(a); 11th Circuit Pattern Jury Instruction 1.10.3 (as modified).

**CAUSAL RELATIONSHIP**

11.     In this case Plaintiff alleges that Defendant retaliated against her by taking the following adverse employment actions:

a.     Plaintiff claims that Defendant retaliated against her by materially altering the terms and conditions of her employment and by terminating her employment because she took medical leave.

b.     Plaintiff further claims that Defendant retaliated against her by refusing to rehire her for available positions subsequent to her termination either because of (1) her taking medical leave, or (2) because she filed a complaint of age and disability discrimination with the Equal Employment Opportunity Commission.

To establish the third element of a prima facie case of retaliation, Plaintiff must prove that there is a causal relationship between the Defendant's adverse employment action and the Plaintiff's protected activity.  For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred.  Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's actions.  Thus, if you find that the Defendant took the adverse action because of non- protected activity (such as the needs of Defendant's business, Plaintiff's poor job performance, failure to follow rules and regulations, or any reason other than because of the employee having engaged in statutorily protected activity), then the Plaintiff was not subjected to an adverse employment action as a result of his alleged protected activity, and cannot prove that she was retaliated against in violation of the law.  Plaintiff does not have to prove that the protected activity was the only factor considered by Defendant.  Plaintiff

must prove, however, that the alleged protected activity was a determining factor leading to Defendant's adverse employment action.

GIVEN _____          REFUSED _____

Authority:  11th Circuit Pattern Jury Instruction 1.10.3 (as modified); 29 USC § 623(a); *Coutu v. Martin County Bd. of County Com'rs,* 47 F.3d 1068, 1075 (11th Cir. 1995).

## RETALIATION—NO SPECIAL TREATMENT

12.    You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity.  So far as you are concerned in this case, an employer may terminate, refuse to re-hire, or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances. Thus, the law does not require that persons who have engaged in protected activity be given special or favorable treatment or benefits.  The law simply requires that such person not be intentionally retaliated against on the basis of their having engaged in protected activity.

GIVEN _____        REFUSED _____

Authority:  11th Circuit Pattern Jury Instruction 1.10.3 (as modified).

**EMPLOYER'S MANAGEMENT PREROGATIVES TO BE LEFT UNDISTURBED**

13.    An employer's management prerogatives are to be left undisturbed to the greatest extent possible. In enacting federal retaliation laws, Congress did not intend to tie the hands of employers in the objective selection and control of personnel. Therefore, an employee is not immune from discipline or discharge merely because she exercised federally-protected rights.

GIVEN _____        REFUSED _____

Authority:  *Laughlin v. Metropolitan Wash. Airports Auth.*, 149 F.3d 253, 260 (4th Cir. 1998); *Smith v. Texas Dep't. of Water Resources,* 818 F.2d 363, 366 (5th Cir. 1987); *Hochstadt v. Worcester Foundation for Experimental Biology*, 545 F.2d 222 (1st Cir. 1976).

## BUSINESS JUDGMENT

14.     The Defendant was entitled to exercise its business judgment in determining whether to terminate the Plaintiff's employment and whether to consider her for re-hire, no matter whether the reasons appear irrational or misguided to you, so long as the Defendant was not motivated by her protected conduct.  The question for you to decide in this case is whether the Defendant decided to terminate or not to re-hire the Plaintiff because of the Plaintiff's medical leave or EEOC charge.  If the Defendant's decision was based on any other reason, that does not constitute unlawful retaliation.

GIVEN _____          REFUSED _____

Authority:  *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 259 (1981); *Chappell v. GTE Products Corp.*, 803 F.2d 261 (6th Cir. 1986), *cert. denied*, 480 U.S. 919 (1987); *Bibby v. Drummond Co., Inc.*, 818 F. Supp. 325, 330 (N.D. Ala. 1993), *aff'd* 20 F.3d 1174 (11th Cir. 1994); *Alphin v. Sears, Roebuck and Co.*, *940 F.2d 1497*, 1501 (11th Cir. 1991); *Beard v. Annis*, 730 F.2d 741 (11th Cir. 1984).

## NO SUBSTITUTION OF JUDGMENT

15.    The issue which you the jury must decide is not whether the Defendant was correct in its assessment of its business needs or the Plaintiff's job performance. Rather, the issue is whether Defendant's assessment, whether mistaken or not, motivated its employment decisions rather than Plaintiff's protected conduct.

If you find that the Defendant's actions with respect to the Plaintiff were not motivated by the Plaintiff's protected conduct, then you must render a verdict for the Defendant, even if you might feel that the Defendant's actions were unreasonably arbitrary or unfair.  It is not your role, as jurors, to determine the reasonableness or fairness of the Defendant's employment decisions, to second-guess the Defendant's business judgment, or to substitute your judgment for the Defendant as to the appropriate course of action in dealing with the Plaintiff.  It is not your duty to determine the validity of Defendant's business decisions as long as the decision was made in good faith.  Your sole responsibility is to determine the legality of the Defendant's actions in accordance with these instructions.

It is important to remember that, in the context of this lawsuit, the law only prohibits retaliation on the basis of Plaintiff's taking medical leave or filing an EEOC charge.  It has nothing to do with seniority or length of employment, and it does not place an affirmative duty upon an employer to accord special treatment to employees in a protected class.  Even employees with many years of service may lawfully be terminated for reasons unrelated to protected conduct.

Therefore, you are instructed that it was lawful for the Defendant to terminate the Plaintiff and refuse to rehire her so long as the Defendant's decision was not based on her taking medical leave or filing an EEOC charge.  It is not necessary that you believe

the Defendant made the right decision or the fair decision or that you would have made the same decision yourself. The correctness of the reasons is irrelevant, so long as the Defendant's decisions were not based on illegal retaliation under the law. The jury may not determine the fairness or appropriateness of the Defendant's decisions, second-guess the Defendant's termination decision, or sit as a personnel department to re-examine the Defendant's decisions.

GIVEN _____        REFUSED _____

Authority: *Elrod v. Sears Roebuck & Company*, 939 F.2d 1466, 1470 (11th Cir. 1991); *Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1145 (7th Cir. 1994); *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1508 (5th Cir. 1988); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981); *St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742 (1993).

## NO SUPER-PERSONNEL BOARD

16.    As you hear the evidence in this case, you must remember that your sole concern is whether the Defendant retaliated against Plaintiff because she took medical leave or filed an EEOC charge.  You are not to make a decision as a "super-personnel" board and are not to judge the correctness of the Defendant's employment actions. Even if you do not agree with the Defendant's employment actions or if you believe the Defendant had no cause or a bad cause its employment actions, the sole issue for you to decide is whether the Defendant was motivated by the Plaintiff's taking medical leave or filing an EEOC charge in its decisions.

GIVEN _____        REFUSED _____

Authority:  *Alphin v. Sears, Roebuck and Co.*, 940 F.2d 1497, 1501 (11th Cir. 1991); *Beard v. Annis*, 730 F.2d 741 (11th Cir. 1984).

## BURDEN REMAINS ON PLAINTIFF TO SHOW PRETEXT

17.    The ultimate burden of persuading you that the Defendant intentionally retaliated against the Plaintiff because of her alleged protected activity remains, at all times, on the Plaintiff.  Defendant is therefore not required to prove that its decision was actually motivated by the legitimate non-retaliatory reasons it has articulated at trial. Rather, the Plaintiff must demonstrate to you that Defendant's articulated reasons for its conduct are a mere pretext for retaliation.

GIVEN _____        REFUSED _____

Authority:  *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254-56 (1981); *St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742 (1993).

## EVIDENCE REQUIRED TO ESTABLISH PRETEXT

18.    A Plaintiff cannot rely upon her own allegations or her own subjective belief that she was terminated because of her alleged protected activity to defeat Defendant's articulated legitimate non-retaliatory reasons for her termination.

GIVEN _____          REFUSED _____

Authority:  *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1471 (11th Cir. 1991); *Carter v. City of Miami*, 870 F.2d 578, 585 (11th Cir. 1989); *Young v. General Foods Corp.*, 840 F.2d 825, 830 (11th Cir. 1988), *cert. denied*, 488 U.S. 1004 (1989); *Grigsby v. Reynolds Metal Co.*, 821 F.2d 590, 597 (11th Cir. 1987).

**GOOD FAITH**

19.    In this case, Defendant claims that eliminated Plaintiff's position and did not consider Plaintiff for re-hire in part because of problems with Plaintiff's job performance.  You are instructed that in evaluating Plaintiff's claims, you are not concerned with the issue of whether or not Plaintiff actually engaged in the misconduct alleged by Defendant.  Your sole inquiry is whether Defendant honestly believed that Plaintiff engaged in the alleged misconduct and gave an honest explanation of its behavior.

GIVEN _____        REFUSED _____

Authority:  *Elrod v. Sears Roebuck & Company*, 939 F.2d 1466, 1470 (11th Cir. 1991); *Knight v. Baptist Hospital*, 330 F.3d 1313, 1318 n. 6 (11th Cir. 2003);  (reasoning that even if the plaintiff did not engage in the misconduct for which she was fired, the alleged misconduct should be considered so long as the employer honestly believed that the plaintiff engaged in the misconduct); *Cooper v. Southern Co.*, 390 F.3d 695, 740 (11th Cir. 2004) (holding supervisor's good-faith belief in reason for discharge precluded finding of pretext).

## SUBJECTIVE DISBELIEF INSUFFICIENT TO ESTABLISH PRETEXT

20.    The law does not allow you to make a finding of retaliation based simply upon your disbelief of Defendant's witnesses or explanations.   Rather, Plaintiff must present factual evidence that the real reason she was terminated was that she engaged in statutorily protected activity.

GIVEN _____        REFUSED _____

Authority:  *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 514-15, 113 S. Ct. 2742, (1993); *Carter v. City of Miami*, 870 F.2d 578, 585 (11th Cir. 1989); *Ang v. Proctor & Gamble Co.*, 932 F.2d 540, 548 (6th Cir. 1991).

## EFFECT OF INSTRUCTION AS TO DAMAGES

21.    There is only one trial of all the issues in this case.  At the end of this trial you, the jury, will have to decide, based on the facts and on the rules of law on which I am instructing you, first, whether the Defendant is liable and, if so, the monetary amount of the Plaintiff's damages.  Defendant has just this opportunity to present evidence upon which you may decide issues of liability and, only if you find the Defendant liable, issues of damages as well.  Since the Defendant was required to address damages or lose the opportunity to do so, none of the evidence or discussion relating to damages presented on the Defendant's behalf should be taken or construed by the jury as an admission by the Defendant that it is liable to Plaintiff.  Quite the contrary, the Defendant has denied the Plaintiff's charges as vigorously as the Plaintiff has presented her claims.

By the same token, I am going to instruct you about damages.  The fact that I am giving you instructions on damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict.  Instructions as to the measure of damages are given only for your guidance and are to be applied only in the event that you should find in favor of the Plaintiff in accordance with the other instructions I have given you.  If you decide that the Plaintiff is not entitled to prevail with respect to her claims, you shall go no further, and shall not answer any questions with regard to her damages.

GIVEN _____        REFUSED _____

Authority:  Devitt, et al., Federal Jury Practice and Instructions § 74.02 (as modified).

**DAMAGES—FMLA RETALIATION**

22.    In the event you are convinced by the evidence that the Defendant did retaliate against the Plaintiff for taking medical leave, you must then decide the issue of Plaintiff's damages.  If the Plaintiff has proven by a preponderance of the evidence that she lost pay or benefits because the Defendant retaliated against her for taking medical leave, then the Plaintiff may recover damages in an amount equal to the net pay or benefits shown by the evidence to have been lost from the time of implementation of Defendant's unlawful employment decision until the date of your verdict.  If the Plaintiff has not directly lost pay or other employment benefits as a result of Defendant's alleged wrong, she may recover any other actual monetary loss sustained as a direct result of the Defendant's actions, but the total of any such recovery cannot exceed twelve weeks of Plaintiff's wages or salary.

GIVEN _____        REFUSED _____

Authority:  11th Circuit Pattern Jury Instruction 1.8.1 (as modified).

### DAMAGES—ADEA RETALIATION

23.    If you find that the Plaintiff has proved that Defendant retaliated against her for making a good-faith complaint of age discrimination, you must then determine the amount of damages the Plaintiff has sustained.   In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount that you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiff's damages, no more and no less.   Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.    Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider only the following element of damages, to the extent you find it proved by a preponderance of the evidence, and no others:  Net lost wages and benefits to the date of trial.

GIVEN _____         REFUSED _____

Authority:  11th Circuit Pattern Jury Instruction 1.4.1 (as modified); *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 847-48 (2001) (noting that front pay is a form of equitable relief which is determined by the court).

## DAMAGES-ADA RETALIATION

24.    If you find that Defendant retaliated against Plaintiff for making a good-faith complaint of disability discrimination, you must then decide the issue of Plaintiff's damages.  In considering this issue, you are instructed that you should assess the amount that you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible.  Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)    Net lost wages and benefits to the date of trial, and

(b)    emotional pain and mental anguish.

GIVEN _____            REFUSED _____

Authority:  11th Circuit Pattern Jury Instruction 1.5.1 (as modified); *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 847-48 (2001) (noting that front pay is a form of equitable relief which is determined by the court).

## DAMAGES CANNOT BE BASED ON SPECULATION

25.    In awarding damages in any case, your verdict must not be based on mere speculation or conjecture but must be based upon the evidence and the just and reasonable inferences shown thereby.

GIVEN _____          REFUSED _____

Authority:  APJI 11.22.

**MITIGATION**

26.     You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity she may have had under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available to her under all the circumstances shown by the evidence, then you should reduce the amount of her damages by the amount she could have reasonably realized if she had taken advantage of such opportunity.

GIVEN _____          REFUSED _____

Authority:  11th Circuit Pattern Jury Instruction nos. 1.8.1 and 1.10.3 (as modified); *NLRB v. The Westin Hotel,* 758 F.2d 1126, 1129 (6th Cir. 1985); *Guthrie v. J.C. Penney Co. Inc.*, 803 F.2d 202, 208 (5th Cir. 1986); *Smith v. Office of Personnel Management*, 778 F.2d 258, 263 (5th Cir. 1985), *cert. denied*, 476 U.S. 1105 (1986).

**MITIGATION**

27.    The Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment.  This is called mitigation of damages.

If you determine that the Plaintiff is entitled to damages, you must reduce those damages by (1) what Plaintiff earned and (2) what Plaintiff could have earned by reasonable effort during the period from the time after the alleged adverse employment action until the date of trial.

You must decide whether the Plaintiff was reasonable in not seeking or accepting a particular job.   However, the Plaintiff must accept employment that is "of a like nature."  In determining whether employment is "of a like nature." you may consider

a.    The type of work

b.    The hours worked

c.    The compensation

d.    The job security

e.    The working conditions, and

f.    Other conditions of employment.

The burden is on the Defendant to prove that the Plaintiff failed to mitigate his damages for loss of compensation.

If you determine that the Plaintiff did not make reasonable efforts to obtain and keep another similar job, you must decide whether any damages resulted from her failure to do so.  You must not compensate the Plaintiff for any portion of his damages that resulted from her failure to make reasonable efforts to reduce his damages.

GIVEN _____          REFUSED _____

Authority:  Employment and Labor Relations Committee, Section of Litigation, American Bar Association, Model Jury Instructions: Employment Litigation, § 1.07[5] (1994); Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 105.41 (1987 & Supp. 1993); *Coleman v. City of Orlando*, 714 F.2d 804, 808 (8th Cir. 1985).

**MITIGATION**

28.     In considering the reduction or mitigation of damages, you should consider not only the amount of money earned by the Plaintiff and benefits provided to him after her employment was terminated by Defendant, but you should also consider whether the Plaintiff, through the exercise of ordinary care, was able to reduce any emotional pain, suffering, inconvenience, mental anguish, or any other non- pecuniary losses she may have suffered as a result of being terminated by the Defendant.

GIVEN _____          REFUSED _____

Authority:  APJI 11.29; *NLRB v. The Westin Hotel,* 758 F.2d 1126, 1129 (6th Cir. 1985); *Guthrie v. J.C. Penney Co. Inc.*, 803 F.2d 202, 208 (5th Cir. 1986); *Smith v. Office of Personnel Management*, 778 F.2d 258, 263 (5th Cir. 1985), *cert. denied*, 476 U.S. 1105 (1986).

Respectfully Submitted,


s/Albert L. Vreeland, II
Albert L. Vreeland, II ASB-0066-V78A
avreeland@lehrmiddlebrooks.com


s/Jennifer L. Howard
Jennifer L. Howard ASB-9511-O68J
jhoward@lehrmiddlebrooks.com

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008


## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Alicia K. Haynes, Esq.
Haynes & Haynes, P.C.
1600 Woodmere Drive
Birmingham, AL  35226


Respectfully submitted,


s/Albert L. Vreeland, II
OF COUNSEL

200769