IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 1:06-cv-595-SRW |
| ) | |
| DALE COUNTY MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

**<u>Defendant's First Motion in Limine, Regarding "Golden Rule" Evidence or Any Other Suggestion that Jurors Should "Put Themselves in a Plaintiff's Shoes"</u>**

Pursuant to Rules 402 and 403 of the Federal Rules of Evidence, Defendant Dale Medical Center ("Defendant"), moves this Court to exclude from the jury any "Golden Rule" evidence, testimony, argument or any other reference by counsel or any witness regarding any suggestion that the jurors should "put themselves in a Plaintiff's shoes."

It would be misleading and prejudicial for Plaintiff or counsel to refer to, argue, or otherwise mention that the jurors should "put themselves in a Plaintiff's shoes," or similar argument to the same effect. Such "Golden Rule" argument by counsel is improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence. *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)("Such an argument is universally recognized as improper.") *See also Loose v. Offshore Nav., Inc.*, 670 F.2d 493, 496 (5th Cir. 1982) ("The use of such a 'Golden Rule' argument so taints a verdict as to be grounds for a new trial"). The law forbids plaintiff's counsel from explicitly requesting a jury "to place themselves in the plaintiff's position and do unto him as they

would have him do unto them." *See Whitehead v. Food Max of Mississippi*, 163 F.3d 265, 278 (5th Cir. 1998).

Because Golden Rule argument/evidence would be irrelevant, immaterial, unfairly prejudicial to Defendant, would serve no proper purpose, and would tend to mislead and confuse the jury as to the issues of liability and damages, Defendant respectfully requests that this Court exclude all "Golden Rule" evidence or argument from the jury.

                                               Respectfully Submitted,

                                               s/Albert L. Vreeland, II
                                               Albert L. Vreeland, II ASB-0066-V78A
                                               avreeland@lehrmiddlebrooks.com

                                               s/Jennifer L. Howard
                                               Jennifer L. Howard ASB-9511-O68J
                                               jhoward@lehrmiddlebrooks.com

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Alicia K. Haynes, Esq.
> Haynes & Haynes, P.C.
> 1600 Woodmere Drive
> Birmingham, AL  35226

> Respectfully submitted,

> s/Albert L. Vreeland, II
> OF COUNSEL

200891