**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DEBORAH HUGHES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v.                                       ) | **1:06-cv-595-SRW** |
| ) | |
| **DALE COUNTY MEDICAL CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

**Defendant's Second Motion in Limine, Regarding the Monetary Resources of
Defendant or Its Corporate Size**

Defendant Dale Medical Center ("Defendant"), anticipates that Plaintiff, her counsel, and/or her witnesses may attempt to make reference to, comment about, introduce and/or present argument or evidence concerning the monetary resources of Defendant or its corporate size. Such testimony is highly prejudicial and should have no bearing on liability. Pursuant to Rules 402, 403, and 801 of the Federal Rules of Evidence, Defendant, therefore, moves the Court to exclude from the jury any evidence, testimony, argument, or any other reference by counsel or any witness concerning Defendant's monetary resources or attempting to make an issue of its corporate size.

This evidence would be unduly prejudicial to Defendant. Plaintiffs may attempt to characterize Defendant as a rich corporation which can afford to pay money to the Plaintiff. This improper emotional appeal will distract the jurors from the real issues, require the introduction of additional evidence, and unnecessarily waste the Court's time. *See, e.g., Gonzalez v. Volvo of America*, 752 F.2d 295, 298 (7th Cir. 1985) (noting that closing argument was "grossly immoderate" where counsel repeatedly referred to defendant's relative status and wealth). As such, the evidence may, and

should, be excluded on the grounds that it would be irrelevant, immaterial, unfairly prejudicial, would serve no purpose, and would tend to mislead and confuse the jury as to the issues of liability and damages.

In addition, neither Plaintiff nor Plaintiff's witnesses have any personal knowledge of or responsibility to review or prepare the financial records or reports for Defendant. Therefore, their testimony regarding Defendant's financial condition would be inadmissible hearsay under FED. R. EVID. 801.

                    Respectfully Submitted,

                    s/Albert L. Vreeland, II
                    Albert L. Vreeland, II ASB-0066-V78A
                    avreeland@lehrmiddlebrooks.com

                    s/Jennifer L. Howard
                    Jennifer L. Howard ASB-9511-O68J
                    jhoward@lehrmiddlebrooks.com

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008

## CERTIFICATE OF SERVICE

      I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Alicia K. Haynes, Esq.
      Haynes & Haynes, P.C.
      1600 Woodmere Drive
      Birmingham, AL  35226

      Respectfully submitted,

      <u>s/Albert L. Vreeland, II</u>
      OF COUNSEL

200892