**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DEBORAH HUGHES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION NUMBER:** |
| v.   ) | **1:06-cv-595-SRW** |
| ) | |
| **DALE COUNTY MEDICAL CENTER,** ) | |
| ) | |
| **Defendant.** ) | |

**Defendant's Third Motion in Limine, Regarding "Bad Guy" Evidence**

Defendant Dale Medical Center ("Defendant"), moves the Court in limine, pursuant to Rules 402 and 403, Federal Rules of Evidence, to exclude from the jury any evidence, testimony, argument or any other reference by Plaintiff's counsel or any witness that non-party Pat Ennis or any employee of Defendant committed wrongs other those at issue in this case.

1.   Based on the course of discovery, Defendant believes that, in an effort to put the Defendant in a bad light, Plaintiff may attempt to introduce evidence at trial alleging that non-employee Pat Ennis or that one or more of Defendant's employees committed wrongs other than those at issue in this case.  In particular, Defendant objects to any evidence, testimony, argument or any other reference to any of the following allegations which have been made during the course of discovery.

   a.   Plaintiff has alleged that Dr. Ennis and Pat Ennis engaged in multiple "bad acts" which she claims occurred before her medical leave began on January 3, 2005:[1]

---

[1] Regarding the beginning date of Plaintiff's leave, *see Dunn* 74:9-78:18 and PX 11 thereto at p. D00012 – D00015, attached to Document 15, Defendant's Evidentiary

          i.      Dr. Ennis allegedly called Plaintiff "worthless" and "stupid." Hughes 26:16 – 30:13 and 31:14.[2]

          ii.      Dr. Ennis allegedly told Plaintiff "to get in [her] office, and do [her] job, and don't come out unless spoken to." Hughes 35:11 – 35:22.

          iii.      Pat Ennis allegedly "constantly st[ood] in [Plaintiff's] office," constantly "harass[ed]" Plaintiff by telling her what to do and keeping her from doing her job, called everyone "fucking morons," used the "F word" multiple times, brought up sexual matters, asked Plaintiff about her sex life, and told sexual jokes. Hughes 44:13 – 49:05 and 51:4 – 52:21.

          iv.      Dr. Ennis allegedly told the other employees not to listen to Plaintiff because she was not an office manager anyway.[3] Hughes 126:18 – 127:15.

          b.      Plaintiff further alleges that non-employee Pat Ennis engaged in the following conduct:

          i.      Told Plaintiff she would need to take the office manager job back because they could not pay her for just coding and billing. Hughes 56:4 -57:15.

          ii.      Hit Plaintiff on the head and then commented that she thought it would have been better by now. Hughes 67:20 – 71:11.

          iii.      Told Plaintiff that Pat Ennis and Sheila Dunn spoke on the phone and decided that they knew why they didn't like her – her hair and baggy pants. Hughes 157:20 – 159:2.

---

Submission in Support of Its Motion for Summary Judgment.
[2] Plaintiff Deborah Hughes' deposition is already in evidence as an attachment to Plaintiff's Evidentiary Submission in Opposition to Defendant's Motion for Summary Judgment, Document no. 22.
[3] This allegation is additionally inadmissible as hearsay, because Plaintiff admittedly did

2.   None of the allegations with regard to Pat Ennis are relevant to any issue, as Pat Ennis was not an employee of Defendant during the time period she is alleged to have engaged in the listed conduct, and Plaintiff admits that neither she nor any other employee reported the conduct to Dale Medical Center.  Hughes 49:6 – 49:8; 49:23 – 50:13; 50:23 – 51:3; 52:3 – 52:6; 70:20 – 71:21; 74:18 – 74:21; 90:1 – 90:9.  Where the alleged harasser is not an employee, the employer can be held liable for harassment only if (1) if it knew or should have known of the harassing conduct (2) but failed to take prompt remedial action.  *Sparks v. Regional Medical Center Board*, 792 F. Supp. 735, 738 n. 1 (N.D. Ala. 1992); 29 C.F.R. 1604.11(e).  None of Pat Ennis' comments are relevant to the retaliation claim, as she was not Dale Medical Center's agent and was not a decisionmaker, and therefore her opinions of Plaintiff's leave are irrelevant to Defendant's motives.  To the extent any such comments would be offered to prove the truth of the matter asserted, such comments would additionally be inadmissible hearsay for which no exceptions are available.  FRE 801-804.  As there is no basis to hold Defendant responsible for any of the alleged conduct of Pat Ennis, such conduct is irrelevant.

3.   Further, none of the conduct listed in paragraph one is relevant to Plaintiff's ADEA claim of hostile environment, as there is no evidence that any of the listed conduct relates to her age.  For harassment to violate the ADEA, it must be "because of [Plaintiff's] age." 29 U.S.C §623(a).  To meet this standard, Plaintiff must show that but for her age, the harassment would not have occurred.  *See Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir. 1982) (regarding analogous Title VII

---

not witness the alleged comment.  Hughes 126:18 – 127:15; *see* FRE 801 - 802.

3

harassment claim).  To make this showing, Plaintiff must produce evidence that similarly situated co-workers were treated differently and better.  See *Oncale v. Sundowner Offshore Services*, 523 U.S. 75, 80 (1998) (holding, in analogous Title VII case, that "The critical issue . . . is whether members of one [protected class] are exposed to disadvantageous terms or conditions of employment to which members of [the non-protected class] are not exposed"); *Mendoza v. Borden*, 195 F.3d 1238, 1254 (11th Cir. 1999) ( J. Edmondson, concurring) (holding, in analogous Title VII case, that otherwise the vital element of discrimination would be read out of the statute).  Here, Plaintiff admits that Pat Ennis and Dr. Ennis engaged in rude behavior toward others.  Hughes 46:5 - 52:2; 71:21 – 72:4; 101:12 – 102:7; 112:5 – 112:8; 114:16 – 114:23; 131:3 – 132:11.

      4.    Furthermore, any probative value of the above-described evidence would be "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  FED. R. EVID. 403; see *Bhaya v.Westinghouse Electric Corp.*, 922 F.2d 184, 188 (3rd Cir. 1990), cert. denied, 501 U.S. 1217 (1991) ("Evidence that a party committed wrongs other than those at issue in a case often creates a danger of 'unfair prejudice' because such evidence may influence a jury to return a verdict based on a desire to punish for the other wrongs").

      Based upon the foregoing, Defendant moves the Court in limine for an order excluding any testimony, evidence or argument of wrongs allegedly committed by Defendant or non-employee Pat Ennis but not at issue in this case.

        Respectfully Submitted,

        s/Albert L. Vreeland, II
        Albert L. Vreeland, II ASB-0066-V78A
        avreeland@lehrmiddlebrooks.com

        s/Jennifer L. Howard
        Jennifer L. Howard ASB-9511-O68J
        jhoward@lehrmiddlebrooks.com

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008

## CERTIFICATE OF SERVICE

     I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Alicia K. Haynes, Esq.
        Haynes & Haynes, P.C.
        1600 Woodmere Drive
        Birmingham, AL  35226

        Respectfully submitted,

        s/Albert L. Vreeland, II
        OF COUNSEL

200894