IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEBORAH HUGHES,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NUMBER: ) 1:06-cv-595-SRW |
| **DALE COUNTY MEDICAL CENTER,** | ) ) ) |
| Defendant. | ) |

### Defendant's Fifth Motion in Limine Regarding "Me Too" Evidence

Defendant Dale Medical Center ("Defendant"), pursuant to Rules 402, 403, and 404(b) Federal Rules of Evidence, moves this Court in limine to exclude from the jury any evidence, testimony, argument or any other reference by counsel or any witness regarding any allegations of harassment based on age against any of Plaintiff's co-workers, former employees of Dale Medical Center, or others. As grounds for the granting of this motion, Defendant shows as follows:

1. Plaintiff has not identified any other acts which allegedly constitute harassment based on age occurring in the clinic where the Plaintiff was employed. Alleged incidents which occurred outside the workplace should be excluded as irrelevant. *See In re Stroh Litigation*, 63 F.E.P. 258 (D. Minn. 1993).

2. Further, as to any acts which are alleged to have occurred in any other clinics, there is no evidence that Plaintiff experienced the alleged acts. The specifics of other persons' experiences of alleged harassment have no bearing on the experiences of Plaintiff and whether Plaintiff experienced a hostile environment unless Plaintiffs experienced the conduct. Any evidence regarding any allegations of hostile environment and/or harassment by any other persons has no bearing on Defendant's

liability for Plaintiff's' alleged hostile environment nor does it have any bearing on the quantum of damages should there be a finding of liability on Plaintiff's claim. *See, e.g., Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995); *Burney v. Rheem Mfg. Co., Inc.*, 196 F.R.D. 659, 696 (M.D. Ala. 2000) (refusing to consider allegations part of a harassment claim where plaintiff failed to prove that she was aware of them). *See also Jones v. Flagship International*, 793 F.2d 714, 721 n. 7 (5th Cir. 1986) (finding such testimony does not bear on individual claims of harassment unless such incidents affected the plaintiff personally).

3. Evidence concerning the alleged harassment of other employees or even employees in other clinics is irrelevant to the question of whether Defendant allowed a hostile environment to exist for Plaintiff. The allowance of such evidence would create trials of collateral unproven issues, and conclusions of improper conduct cannot be supported by evidence of a statistically insignificant number of instances. *See Pollis v. New School for Social Research*, 132 F.3d 115, 121 (2nd Cir. 1997); *Fallis v. Kerr-McGee Corp.*, 944 F. 2d 743, 746 (10th Cir. 1991); *Soria v. Ozinga Bros., Inc.*, 704 F.2d 990, 994-97 (7th Cir. 1983).

4. If the Court allows any evidence of any other allegations of harassment and/or hostile environment experienced by any other employees of Defendant to come into evidence at trial, Defendant will have to present defensive evidence as to each allegation, resulting in jury confusion, prejudice to Defendant, undue delay, and a waste of the Court's time. *See Moorhouse v. Boeing Co.*, 501 F.Supp. 390 (E.D. Pa. 1980), aff'd 639 F.2d 774 (3d Cir. 1980).

5. Evidence, reference, argument or testimony regarding any alleged hostile environment toward any persons other than Plaintiff would be irrelevant, immaterial, unfairly prejudicial to Defendant, would serve no purpose, and would tend to mislead and confuse the jury as to the issues of liability and damages.

6. Further, evidence concerning alleged harassment of persons other than Plaintiff should be excluded pursuant to FRE 404(b) because it is evidence of other wrongs to prove character to show action in conformity therewith.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court exclude from the jury any evidence, testimony, argument or any other reference by counsel or any other witness regarding any allegation of hostile environment or harassment experienced by any other current or former Dale Medical Center employee or non-employee unless it is conduct Plaintiff experienced during her employment.

Respectfully Submitted,

s/Albert L. Vreeland, II
Albert L. Vreeland, II ASB-0066-V78A
avreeland@lehrmiddlebrooks.com

s/Jennifer L. Howard
Jennifer L. Howard ASB-9511-O68J
jhoward@lehrmiddlebrooks.com

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008

## CERTIFICATE OF SERVICE

     I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Alicia K. Haynes, Esq.
        Haynes & Haynes, P.C.
        1600 Woodmere Drive
        Birmingham, AL  35226

        Respectfully submitted,

        <u>s/Albert L. Vreeland, II</u>
        OF COUNSEL

200910