IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER: |
| v. ) | 1:06-cv-595-SRW |
| ) | |
| DALE COUNTY MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

**Defendant's Ninth Motion in Limine Regarding Speculation**

Pursuant to Rules 403, 602, and 701 of the Federal Rules of Evidence, Defendant Dale Medical Center ("Defendant") moves this Court to exclude from the jury any testimony, argument, evidence, or any other reference by counsel or any witness regarding certain allegations which are speculation. As grounds for the granting of this motion, Defendant shows as follows:

1. In this case Plaintiff has professed her belief as to the following:

    a. That certain mistakes in her job performance were caused by her brain tumor. Hughes 115:10 -116:5.

    b. That because of her age, she assumes Defendant was beginning to incur or would soon incur increased premium costs for her healthcare coverage. Hughes 116:19 – 117:13.

2. Plaintiff has adduced no evidence to support these beliefs. A party's "belief" and/or speculation is not based on personal knowledge and is not competent evidence. FRE 602 (stating a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter). *See General Longshore Workers v. Pate Stevedore Co.*, 1993 WL 603297, *8

(N.D. Fla. 1993) (a party's belief does not satisfy the personal knowledge requirement because "[b]elief, no matter how sincere, is not equivalent to knowledge"), aff'd 41 F.3d 668 (11th Cir. 1994). *See also Visser v. Packer Eng'g Assocs., Inc.*, 924 F. 2d 655, 659 (7th Cir. 1991) (evidence may not be based upon "flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from" personal experience).

3.   Further, Plaintiff's opinion that certain mistakes in her job performance were caused by a brain tumor should be excluded pursuant to FRE 701, because she is not a physician and therefore is not qualified to form an opinion as to issues of medical causation. *See* FRE 701 (providing that witnesses who are not testifying as experts are limited to those opinions or inferences which are rationally based on the perception of the witness and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702).

4.   Moreover, such testimony is highly prejudicial, has no bearing on liability, and therefore should be excluded pursuant to Rule 403.

Respectfully Submitted,

s/Albert L. Vreeland, II
Albert L. Vreeland, II ASB-0066-V78A
avreeland@lehrmiddlebrooks.com

s/Jennifer L. Howard
Jennifer L. Howard ASB-9511-O68J
jhoward@lehrmiddlebrooks.com

OF COUNSEL:
LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama  35202-1945
Phone:  (205) 326-3002
Fax:  (205) 326-3008

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Alicia K. Haynes, Esq.
        Haynes & Haynes, P.C.
        1600 Woodmere Drive
        Birmingham, AL  35226

                Respectfully submitted,


                <u>s/Albert L. Vreeland, II</u>
                OF COUNSEL

200998