**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DEBORAH HUGHES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:06-cv-00595-SRW** |
| v. | ) | |
| | ) | |
| **DALE COUNTY MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION IN LIMINE**

Plaintiff, by and through her undersigned attorney, before commencement of the voir dire examination of the jury, respectfully moves that counsel for Defendant and any and all defense witnesses, be instructed by an appropriate Order of this Court to refrain from making any mention or interrogation, directly or indirectly, in any manner whatsoever, concerning any of the matters set forth herein without first approaching the Bench and obtaining a ruling of the Court outside the presence and hearing of all prospective jurors or jurors ultimately selected in this cause in regard to any alleged theory of admissibility of such matters. In this connection, Plaintiff would show the Court that the matters set out would be inadmissible for any purpose in that they have no bearing on the issues in

this case or on the rights of the parties to this suit.  Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning these matters would prejudice the jury and sustaining objections to such questions would not cure such prejudice, but rather reinforce the impact of such prejudicial matters on the jury.

The following matters would not be admissible for any purpose in this cause.

1. That no party or witness shall make reference to any part of the claims which have previously been voluntarily dismissed or dismissed by the court on summary judgment.  Any purpose the Defendant may attempt to utilize this information would be for the prejudicial effect such information could cause.  Specifically, the Defendant would attempt to show that Plaintiff's dismissal of part of the claims shows that the Plaintiff did not have sufficient evidence to bring this action at all.  Attempting to explain the reason for dismissing part of the claims to a jury could cause confusion as well as a waste of judicial time in formulating jury charges as to motions for summary judgment.  Any probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

2. That Defendant shall refrain from introducing into evidence or making reference to the EEOC Dismissal and Notice of Rights wherein it is indicated that

"Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge." Legal conclusions and disputed questions of fact are clearly within the province of the jury to decide. The EEOC conducts various levels of investigation and there is no evidence to what extent the EEOC investigated the underlying facts before issuing a Notice of Dismissal. To argue that the EEOC dismissed the complaint would infer that a government agency investigated the charge and found no violation. This argument and the logical inferences invades the province of the jury and would only serve to confuse the jury and any probative value would be substantially outweighed by the danger of unfair prejudice. FRE 402 and 403.

     3.     That no party or witness shall make reference to any unrelated lawsuits that Plaintiff or any named witness may have participated either as a party or a witness. This evidence is not probative of any issue in this case and the value of admitting this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading to the jury.

     4.     Plaintiff also requests permission in advance of the trial of this cause for permission to conduct direct examination of Vernon Johnson and Sheila Dunn

via leading questions as these are witnesses identified with the adverse party, Dale Medical Center.  These individuals are or were managerial employees of the Defendant and have previously in this matter testified on behalf of Dale Medical Center.

     5.     That the Defendant, its witnesses and counsel be instructed to refrain from mentioning any emails, letters of compromise or conversations between Plaintiff and Defendant.  This testimony is not admissible under FRE 408, barring evidence of offers of compromise. Any probative value that this evidence may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 403 and 404. Finally, the Defendant's attempt to utilize any settlement document was not previously disclosed by Defendant under Rule 26 as a document it might use to support its defenses nor was it on Defendant's exhibit list.

     6.     That the Defendant, its witnesses and counsel be instructed to refrain from mentioning any disciplinary action of the Plaintiff that is remote in time to the decisionmakers becoming employed at Dale Medical Center.  Any discipline this Plaintiff received prior to the employment of Dunn and Johnson becoming employed could not have factored in their decision to discriminate and terminate Plaintiff.  Plaintiff was employed by Dale Medical Center for 30 years.  The only

reason the Defendant would attempt to use this evidence would be to prejudice the Plaintiff to the jury. There is nothing probative about this incident or any other incident prior to the arrival of Dunn and Johnson. Any probative value that this evidence may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FRE 403 and 404.

7. That the Defendant, its witnesses and counsel be instructed to refrain from mentioning any document that has not been produced nor disclosed to the Plaintiffs during the course of discovery.

8. The Court should exclude the Defendant's opinion as well as the opinions of other employees that DMC did not discriminate or retaliate against Plaintiff. The Defendant's own opinion that it did not discriminate against Plaintiff is insufficient to establish a defense of discrimination. *Goldberg & Green Co.*, 836 F.2d 845, 848 (4th Cir. 1988) ("Goldberg's own naked opinion, without more, is not enough to establish a prima facie case of age discrimination."); *Holifield v. Reno*, 115 F.2d 1555, 1563 (11th Cir. 1987) ("None of these employees spoke of incidents of discrimination concerning Holifield; rather, they stated that it was their impression that discrimination existed at FCI Marianna. These generalizations are insufficient to establish a prima facie case of disparate treatment on the part of Holified."); *Locke v. Commercial Union Ins. Co.*, 676 F.2d 205, 206 (6th Cir. 1982)

("The plaintiff did nothing more than state his conclusion that he was terminated because of his age. To permit this single statement to constitute a prima facie case would place on employers a burden which Congress never intended."). If the Plaintiff's own subjective belief is insufficient to establish an inference of discrimination, the generalized opinions of defendant and other employees that discrimination did not occur are similarly irrelevant and inadmissible. See *Swanson v. General Servs. Admin.*, 110 F.3d 1180, 1187 (5th Cir. 1997) (Swanson offered only the conclusory opinion of another employee that Moore discriminated against her because of her race when he "took away" her parking space. Yet there was no evidence from which the jury could infer that race, rather than rank and limited availability, was the dispositive factor."). The opinion evidence would also relate to the ultimate issues and expresses legal conclusions. FRE 704.

9.      Plaintiff moves to exclude the defendant or any witness form mentioning or referring to any hearsay statements made by Dr. Ennis. Dr. Ennis is deceased and was deceased at the time plaintiff brought this action. It is anticipated that the Defendant will attempt to introduce Dr. Ennis' thoughts, conversations and observations as the basis why defendant acted to terminate and not rehire the plaintiff. Clearly Dr. Ennis' statements, thoughts, conversations or observations are not competent evidence and would represent inadmissible hearsay. His statements

could not be subject to cross-examination and are not admissible under any hearsay exception. FRE 801, 802, 803. Under the Federal Rules of Evidence, a party must meet the threshold standard pursuant to Rule 901(a) in order to admit evidence into the record. Fed.R.Evid.P. 901(a). While the foundation for the authenticity of the evidence need not be concrete, the party seeking admission of the evidence must show that the evidence is what it purports to be.  As such, any document offered by the defendant that purports to be Dr. Ennis' thoughts, observations, opinions or statements would likewise be hearsay.

    10.    Plaintiff moves to exclude any alleged document kept or authored by Dr. Ennis on the basis it cannot be authenticated or attributed to this author. The Defendant cannot offer the testimony of any person with first-hand knowledge about any document that Dr. Ennis authored without referencing inadmissible hearsay testimony.  Although Federal Rule of Evidence 901 governs the authenticity of non-testimonial evidence, it is in the discretion of the court to determine whether evidence is admissible.  FRE 901.

    11.    Plaintiff further moves to exclude the defendant from proffering Pat Ennis, Dr. Ennis' widow to testify as to Dr. Ennis' thoughts, conversations, observations or statements. Again, such testimony is incompetent and not subject to cross examination as Dr. Ennis' is deceased.

12. Plaintiff moves to prohibit and bar the defendant from referencing the circumstances under which the attorney for Plaintiff was employed, or contingent fee contract under which the attorney has been retained. This evidence is not probative of any claim of the plaintiff nor any defense of the defendant. Such information, if offered would be for prejudicial effect only. As such, pursuant to FRE 410 and 402 this testimony and evidence is due to be excluded.

13. Plaintiff moves to prohibit and bar the defendant from referencing that Plaintiff's recovery, if any, is not subject to income tax, that defense counsel is shocked by Plaintiff's damage request, or that Plaintiff's case would burden the public as a whole, increase taxes, or increase the Dale County budget deficit. This evidence is not probative of any claim of the plaintiff nor any defense of the defendant.  Such information, if offered would be for prejudicial effect only. As such, pursuant to FRE 410 and 402 this testimony and evidence is due to be excluded.

14. Plaintiff moves to prohibit and bar the defendant from making any reference to collateral source payments for medical bills or unemployment compensation, or reference to whether the medical bills have been paid. This evidence is not probative of any claim of the plaintiff nor any defense of the defendant. Such information, if offered would be for prejudicial effect only. As

such, pursuant to FRE 410 and 402 this testimony and evidence is due to be excluded.

WHEREFORE, PREMISES CONSIDERED, Plaintiff moves this Honorable Court to grant Plaintiff's Motion in Limine as set forth above.

Respectfully submitted,

/s/ Alicia K. Haynes
Alicia K. Haynes
Attorney for Plaintiff

**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
(205) 879-0377

## CERTIFICATE OF SERVICE

  I hereby certify that on the 21st day of April 1008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer L. Howard, Esq.
Albert L. Vreeland, II, Esq.
Lehr Middlebrooks & Vreeland
P.O. Box 11945
Birmingham, Alabama 35202-1945

                 s/ Alicia K. Haynes
                 Alicia K. Haynes