## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEBORAH HUGHES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:06-cv-00595-SRW** |
| **v.** | ) | |
| | ) | |
| **DALE COUNTY MEDICAL CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

### PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

---

COMES NOW the Plaintiff, Deborah Hughes, ("Ms. Hughes"), and respectfully submits the following proposed jury instructions.

### Plaintiff's Proposed Jury Instruction No. 1

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its

employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record.  As you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions that reason and common sense lead you to make.  In other words, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of your common experience. You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  I was there, I saw it, this is what happened.

"Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  If someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence, or to the reasonable inferences you draw from direct or circumstantial evidence.

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate.  You should decide whether

you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of this case or a related case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things about which he or she testified? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether evidence was offered tending to prove that a witness testified falsely concerning some important fact; or, whether evidence was offered that at some other time a witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she

remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that consideration may depend on whether the misstatement relates to an important fact or with only an unimportant detail.

When a witness is questioned about an earlier statement he or she may have made, or earlier testimony he or she may have given, such questioning is permitted to aid you in evaluating the truth or accuracy of the witness' testimony here *at this trial*.

Earlier statements made by a witness or earlier testimony given by a witness are not ordinarily offered or received as evidence of the truth or accuracy of *those* statements, but are referred to for the purpose of giving you a comparison and aiding you in making your decision as to whether you believe or disbelieve the witness' testimony that you hear *at trial*.  However, if the prior inconsistent statement of the witness was made under oath, you may also consider it as evidence.

Whether such prior statements of a witness are, in fact, consistent or inconsistent with his or her trial testimony is entirely for you to determine.  You can also decide whether to believe the earlier testimony given under oath, or the testimony given in this trial, or you can disregard both.

You are the sole judge of the credibility of witnesses.

Given _____
Refused _____
Given as Modified _____

Authority:

Eleventh Circuit Pattern Jury Instruction Nos. 2.2, 3, 4.1, 4.2, as modified; *Smith v. Travelers Insurance Co.*, 438 F.2d 373 (6th Cir. 1971), *cert. denied*, 404 U.S. 832 (1971); *In re Bendectin Litigation*, 857 F.2d 290 (6th Cir. 1988), *cert. denied*, 488 U.S. 1006 (1989).

## Plaintiff's Proposed Jury Instruction No. 2

This is a civil case.  In this case it is the responsibility of the Plaintiff, Debbie Hughes, to prove every essential part of her claim against the Defendant, Dale Medical Center, by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Ms. Hughes' claim is more likely true than not true.  To put it differently, if you were to put Ms. Hughes' evidence and Dale Medical Center' s evidence on opposite sides of the scale, the Plaintiff's evidence would have to make the scale tip to his side.  If Ms. Hughes fails to meet this burden, the verdict must be for DMC.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Ms. Hughes' claim by a preponderance of the evidence, you should find for DMC.

Given _____
Refused _____
Given as Modified _____

Authority:

Eleventh Circuit Pattern Jury Instruction No. 6.1, as modified.

## Plaintiff's Proposed Jury Instruction No. 3

### Evidence

The evidence from which you are to decide the facts consist of:

1.      The sworn testimony of witnesses, both on direct and cross-

examination, regardless of who called the witness or whether the witness testified

in person or by deposition;

2.      The exhibits that have been received into evidence; and

3.      Any facts to which all the attorneys have agreed or stipulated.


Given _____
Refused _____
Given as Modified _____

Authority:

9th Circuit Pattern Instruction No. 12.02, portions omitted.

## Plaintiff's Proposed Jury Instruction No. 4

Certain things are not evidence.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or document.  If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence.  If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only.  If this does occur during the trial, I will try to clarify this for you at that time.

3.      Anything you see or hear outside the Courtroom is not evidence and must be disregarded.  You are to decide this case solely on the evidence presented here in the Courtroom.

4.      At times during the trial, I may ask questions of the witnesses.  This does not mean that I have an opinion about the facts of the case.

Given _____
Refused _____
Given as Modified _____

Authority:

Fed. R. Evid. 614; *Connell v. Sears, Roebuck & Co.*, 559 F. Supp. 229 (N.D. Ala.),
*Aff'd in part, Modified in part, Vacated in part*; 722 F.2d 1542 (Fed. Cir. 1983);
*Stoutmire v. Strickland*, 599 F. Supp. 314, 318 (N.D. Ill. 1984) (witness credibility
is for jury); *American Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350
(Fed. Cir.), *cert. denied*, 469 U.S. 821, 105 S. Ct. 95 (1984); *Henn v. National
Geographic Soc'y*, 819 F.2d 824, 831 (7th Cir.), *cert. denied*, 484 U.S. 964, 108 S.
Ct. 454 (1987).

## Plaintiff's Proposed Jury Instruction No. 5

In all actions for damages, it is the duty of the Court to instruct the jury as to the proper measure of damages. Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. Instructions as to the measure of damages are given for your guidance, to be used only in the event that you should find in favor of the Plaintiff by a preponderance of the evidence in this case in accordance with the other instructions.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.

Your only interest is to seek the truth from the evidence in the case.

Given _____
Refused _____
Given as Modified _____

Authority:

Eleventh Circuit Pattern Jury Instruction No. 7.1, as modified.

**<u>Plaintiff's Proposed Jury Instruction No. 6</u>**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.


Given _____
Refused _____
Given as Modified _____

Authority:

Eleventh Circuit Pattern Jury Instruction No. 8, as modified.

## Plaintiff's Proposed Jury Instruction No. 7

## FMLA Interference Claim

Ms. Hughes has brought this case under the federal and state laws that prohibit age discrimination and violations of the Family and Medical Leave Act ("FMLA"). Ms. Hughes contends that DMC interfered with her right to take leave protected by the FMLA and further retaliated against her in failing to rehire her based on her age, over 40, and the fact she had an FMLA-covered illness. DMC denies that it violated any federal or state law.

*The FMLA*

The FMLA entitles an eligible employee to twelve work weeks of unpaid leave during any twelve-month period if the employee needs the leave in order to care for his spouse, child, parent, or for himself for a serious health condition. The FMLA creates two (2) rights for employees: the right to take protected leave for a serious health condition, and the right to be reinstated to the same or equivalent position upon returning from that leave. These rights "guarantee that an employee's taking leave will not result in a loss of job security or in other adverse employment decisions." To protect an employee from such adverse actions, the FMLA prohibits interference with the exercise of the employee's right to take leave. The FMLA provides that "it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided

under this title."

*Interference Defined*

In an interference claim Ms. Hughes must show that she was entitled to have one or more of her absences protected by the FMLA, and DMC denied her that entitlement. She does not have to show that DMC's actions were motivated by an impermissible retaliatory or discriminatory animus. In other words, she does not have to prove any type of intent or motive on the part of DMC.

More, "interference" can also include "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave. Another form of interference is when an employer uses leave as a negative factor in employment actions. The FMLA provides that where an employee is subjected to 'negative consequences . . . simply because she has used FMLA leave," the employer interfered with the employee's FMLA rights.

In order to carry her burden of proof, Ms. Hughes must show that:

1.  She was an eligible employee for purposes of the FMLA;

2.  Her challenged absences were for a serious health condition; and

3.  She gave DMC "notice sufficient to make [DMC] aware that [her absences were] due to a *potentially FMLA-qualifying reason.* "

4.  That she was discharged from employment.

5.  That Plaintiff's absence from work was a motivating factor that

promoted DMC to take its adverse action.

*Eligible Employee*

The FMLA defines the term "eligible employee" to mean an employee who has been employed:

(1)     for at least 12 months by the employer with respect to whom leave is request;

(2)     for at least 1,250 hours of service with such employer during the previous 12-month period; and

(3)     at worksite at which the employer employs 50 or more employees within 75 miles of the worksite.

*Serous Health Condition*

A serious medical condition includes a condition which requires medical treatment or keeps an employee from being able to work.   The term "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves inpatient care in a hospital, hospice, or residential medical care facility or continuing treatment by a health care provider.

Continuing treatment by a health care provider may include any period of incapacity due to pregnancy or prenatal care, any period of incapacity or treatment for such incapacity due to a chronic serious health condition, a permanent or long-term period of incapacity due to a condition for which treatment may not be

effective, and/or any period of absence for the purpose of receiving multiple treatments.

"Serious medical conditions" include 1) conditions where the employee suffered a period of incapacity of more than three (3) consecutive calendar days a) involving treatment two (2) or more times by a health care provider, or b) treatment at least on one (1) occasion resulting in a regimen of continuing treatment under the supervision of the health care provider, and 2) periods of incapacity requiring periodic visits for treatment by a health care provider, continuing over an extended period of time, and causing episodic periods of incapacity. The key determining factor as to whether Ms. Hughes' absences were for a serious health condition qualifying for FMLA protection is whether she was able to attend work.

*Appropriate Notice*

The phrase "appropriate notice" as used in these instructions means that Ms. Hughes must have notified DMC of her need for leave as soon as practicable after Ms. Hughes learned of the need to take leave. If the need for leave is unforeseeable, there is no advance notice requirement. The notice by Plaintiff must be sufficient for the Defendant to reasonably expect that the absence is a type that might qualify for leave under the FMLA. Notice may be given by telephone and may be given by an employee's representative, such as a spouse. Ms. Hughes

is not required to specifically request FMLA leave by name.  However, she must

have provided DMC with enough information to allow it to know that she needs

leave for a reason which may qualify for FMLA protection.  If Ms. Hughes

requests leave and states the reasons for such leave, she has satisfied her notice

requirement under the FMLA.  Once she gives that notice, the burden is on DMC

to ascertain whether the absence actually qualifies for FMLA protection.

Examples of situations where proper notice has been given include an

employee telling his employer he must leave work because he is suffering from a

diabetic attack, requesting leave for medical reasons and providing a doctor's note;

and an employee informing a supervisor that she is leaving work to see a doctor

because she is vomiting and suffering from diarrhea.

*Injury/Damages*

If you find in favor of the Plaintiff and against the Defendant, you must then

decide the issue of the Plaintiff's damages.

If the Plaintiff has proven by a preponderance of the evidence that he lost

pay or benefits because of the Defendant's alleged violation of the FMLA, then the

Plaintiff may recover damages in an amount equal to the net pay or benefits shown

by the evidence to have been lost as a result of Defendant's employment decision

which violated the FMLA until the date of your verdict.

Under the FMLA an employee's compensatory damages will be doubled by

the court as liquidated damages unless the Defendant can prove that it acted in

good faith and had reasonable grounds to believe that its conduct was not in

violation of the FMLA. Therefore, under the circumstances presented, you must

determine if the Defendant has satisfied you by a preponderance of the evidence

that it acted in good faith and had reasonable grounds to believe that its conduct

was not in violation of the FMLA.


Given _____
Refused _____
Given as Modified _____

Authority:

Eleventh Circuit Pattern Jury Instructions (Civil Cases) § 1.8.1 (2005) (modified);
29 U.S.C. § 2611(2)(A)-(B);  29 U.S.C. § 2611(11); 29 U.S.C. §2615(a)(1);29
U.S.C. § 2617;  *Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379, 1382, 1383
(11th Cir. 2005); *Russell v. N. Broward Hosp.*, 346 F.3d 1335, 1340 (11th Cir. 2003)
*Strickland v. Water Works and Sewer Bd.*, 239 F.3d 1199, 1206, 1209 (11th Cir.
2001) (quoting 29 U.S.C. § 2614(a)(1)); *McAnnally v. Wyn South Moulded Prods.,
Inc.*, 912 F. Supp. 512, 513 (N.D. Ala. 1996); *Liu v. AmWay Corporation*, 2003
U.S. App. LEXIS 22320, at *11, *12, *21 (9th Cir. Oct. 30, 2003) (citing 29 U.S.C.
§ 2612); *Hodgens v. General Dynamics Corp.*, 963 F. Supp. 102, 106 (D.R.I.
1997), *aff'd on other grounds,* 144 F.3d 151 (1st Cir. 1998); *Price v. City of Fort
Wayne*, 117 F.3d 1022, 1025 (7th Cir. 1997)(a request for leave for medical reasons
and a doctor's note requiring the time off were sufficient notice to an employer of
the need for FMLA leave); *Wilson v Lemington Home for the Aged,* 159 F. Supp.
2d 186 (W.D. Pa. 2001) (employee gave sufficient notice under the FMLA to
invoke its protection when an employee informed her supervisor she was suffering
from diarrhea and vomiting, and was going to see her doctor).  29 C.F.R. §
825.220(b); 29 C.F.R. §825.220(c); C.F.R. § 825.114; 29 C.F.R. § 825.303(b);
*Draft Model Jury Instructions (Civil) Eighth Circuit* § 5.83F (1999); *Wascura v.
City of South Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001) (treating termination for
intended FMLA-leave as interference claim); *Stallings v. Hussman Corp.*, 447 F.3d
1041, 1050 (8th Cir. 2006) (interference includes negatively considering FMLA

leave in employment decisions); *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999)(good faith decided by jury); *Cooper v. Fulton County*, 458 F.3d 1282 (11th Cir. 2006)(good faith and reasonable belief required).

**<u>Plaintiff's Proposed Jury Instruction No. 8</u>**

**Retaliation Under the FMLA**

Ms. Hughes' also makes a claim under the Family and Medical Leave Act ("the Act) that Act prohibits employers from retaliating, taking revenge, or doing bad things against employees because they have taken or tried to take sick leave protected by the FMLA Act.

More specifically, Ms. Hughes claims that DMC refused to rehire her because she had taken or tried to take leave which was or should have been protected by the Act when she worked for DMC. DMC denies that it considered any leave which was or should have been protected by the Act in making the decision not to rehire Ms. Hughes. Rather, DMC based its decision not to rehire Ms. Hughes on job performance issues prior to Ms. Hughes' FMLA leave. In order to prevail on this claim, Ms. Hughes must prove each of the following facts by a preponderance of the evidence:

First:         That she sought re-employment but was not rehired by DMC;

Second:     During her employment with DMC she was absent from work for a reason which was covered by the Act; and

Third:       DMC considered Ms. Hughes' absence/absences which were protected by the Act in making the decision not to rehire her.

If any of the above elements has not been proved by a preponderance of the evidence, your verdict must be for DMC and you need not proceed further in your consideration of this claim. If you find that Ms. Hughes has proven each of the above elements by a preponderance of the evidence, your verdict must be for Ms. Hughes.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not retaliate against an employee because of the employee's exercise of rights protected by the FMLA. So far as you are concerned in this case, an employer may refuse to rehire a former employee for any other reason , good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the employer even though you personally may not favor the action taken and would have acted differently under the circumstances. Nor does the law require an employee to extend any special for favorable treatment to employees because they have taken FMLA leave.

On the other hand, it is not necessary for an individual to prove that her FMLA leave was the sole or exclusive reason for the employer's decision. It is sufficient if the individual proves that her FMLA leave was a determinative

consideration that made a difference in the employer's decision.

Given _____
Refused _____
Given as Modified _____

Authority:

Eleventh Circuit Pattern Jury Instruction No.1.2.1; *Gibson v. City of Louisville*, 336 F.3d 511, 513-14 (6th Cir. 2003); *Smith v. BellSouth Telecommunications, Inc.*, 273 F.3d 1303, 1313 (11th Cir. 2001); *Strickland v. Water Works and Sewer Bd. of Birmingham*, 239 F.3d 1199, 1207-09 (11th Cir. 2001); *Hodgens v. General Dynamics Corp*, 963 F. Supp. 102, 106 (D.R.I. 1997), aff'd on other grounds, 144 F.3d 151 (1st Cir. 1998); *Price v City of Fort Wayne*, 117 F.3d 1022, 1026 (7th Cir. 1997); *Beal v. Rubbermaid Commercial Products, Inc.*, 972 F. Supp. 1216, 1227 (S.D. Iowa 1997); *Viereck v. City of Gloucester City*, 961 F. Supp. 703, 707 (D.N.J. 1997); *Endry v. GTE North, Inc.*, 896 F. Supp. 816, 828 (N.D. Ind. 1995) 29 C.F.R. § 825.114; 29 C.F.R. § 825.302(c); 29 C.F.R. § 825.303(b).

<u>**Plaintiff's Proposed Jury Instruction No. 9**</u>

**Retaliation Under the Age Discrimination and FMLA Act**

The Plaintiff alleges that the Defendant retaliated, that is, took revenge against the Plaintiff because the Plaintiff had previously taken steps seeking to enforce the Plaintiff's lawful rights under The Age Discrimination Act and the Family and Medical Leave Act.

You are instructed that those laws prohibiting discrimination in the work place also prohibit any retaliatory action being taken against an employee by an employer because the employee has asserted rights or made complaints under those laws. So, even if a complaint of discrimination against an employer is later found to be invalid or without merit, the employee cannot be penalized in retaliation for having made such a complaint if you find that the employee made the complaint as a means of seeking to enforce what the employee believed in good faith to be her lawful rights.  To establish "good faith," however, it is insufficient for the Plaintiff to merely allege that her belief in this regard was honest and bona fide; the allegations and the record must also establish that the belief, though perhaps mistaken, was objectively reasonable.

In order to establish the claim of unlawful retaliation, therefore, the Plaintiff must prove by a preponderance of the evidence:

First:        That she engaged in statutorily protected activity, that is, that

she in good faith asserted objectively reasonable claims or complaints of discrimination prohibited by federal law;

Second:    That an adverse employment action then occurred, and in this case it is that plaintiff was refused to be rehired after submitting applications for employment to open and available positions;

Third:    That the adverse employment action was causally related to the Plaintiff's statutorily protected activities; and

Fourth:    That the Plaintiff suffered damages as a proximate or legal result of such adverse employment action.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

For an adverse employment action to be "causally related" to statutorily protected activities it must be shown that, but for the protected activity, the adverse employment action would not have occurred. Or, stated another way, it must be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendant's decision.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's [protected activity] was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that [the protected activity] was a determinative consideration that made a difference in the Defendant's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not retaliate against an employee because the employee has engaged in statutorily protected activity. So far as you are concerned in this case, an employer may refuse to hire or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

[If you find in the Plaintiff's favor with respect to each of the facts that the Plaintiff must prove, you must then decide whether the Defendants have shown by a preponderance of the evidence that the Plaintiff would not have been rehired for other reasons even in the absence of the statutorily protected activity. If you find that the Plaintiff would not have been rehired for reasons apart from the statutorily protected activity, then your verdict should be for the Defendant.]

Given _____
Refused _____
Given as Modified _____

Authority:

Eleventh Circuit Pattern Jury Instructions (2007) 1.10.3

**Plaintiff's Proposed Jury Instruction No. 10**

**Definition of "Substantial or Motivating Factor"**

The Plaintiff also alleges that her age was a factor in DMC harassing her prior to termination and in not rehiring her for other positions that she applied after she was terminated in a downsizing effort. Ms. Hughes to prove age harassment and retaliation must prove that her age was a substantial or motivating factor that prompted the Defendant to take the challenged employment actions. It is not necessary for the Plaintiff to prove that age was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that age was a determining factor that made a difference in the employer's decision.

You should be mindful, however, that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's age. So far as you are concerned in this case, an employer may discharge or otherwise adversely affect an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant even though you personally may not approve of the action taken and would have acted differently under the circumstances.

Given _____
Refused _____
Given as Modified _____

Authority:

Eleventh Circuit Pattern Jury Instruction 1.5.2

## <u>Plaintiff's Proposed Jury Instruction No. 11</u>

### Definition of "Motivating Factor"

The term "motivating factor" means a consideration that moved defendant toward defendant's decision.

Given \_\_\_\_\_
Refused \_\_\_\_\_
Given as Modified \_\_\_\_\_

Authority:

§ 173.42 Federal Jury Practice and Instructions (April 2002).

## Plaintiff's Proposed Jury Instruction No. 12

### Circumstantial Evidence

Age related statements can be used as circumstantial evidence from which discriminatory intent may be inferred.

Given _____
Refused _____
Given as Modified _____

Authority:

*Corbin v. Southland International Trucks*, 25 F.3d 1545 (11th Cir. 1994).

## Plaintiff's Proposed Jury Instruction No. 13

### Circumstantial Evidence

Evidence that a defendant's explanation for an employment practice is

"unworthy of credence" is "one form of circumstantial evidence that is probative of

intentional discrimination."


Given _____
Refused _____
Given as Modified _____

Authority:

*Desert Palace, Inc. v. Costa*, 123 S.Ct. 2148, 2154 (U.S.,2003), citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

## <u>Plaintiff's Proposed Jury Instruction No. 14</u>

### Discriminatory Statements of the Decision Maker

If the decision maker makes a discriminatory statement that is unrelated to

employment decision at issue, the statement does not constitute direct evidence of

discrimination, but may constitute circumstantial evidence.

Given _____
Refused _____
Given as Modified _____

Authority:

*Rogers-Libert v. Miami-Dade County*, 184 F.Supp.2d 1273, 1283 (S.D.Fla.,2001),
citing *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1331 (11th Cir.1998).

## Plaintiff's Proposed Jury Instruction No. 15

### Inference of Discrimination from Non-credible Explanation

One way a plaintiff may succeed in establishing discrimination is by showing that the employer's proffered explanations are not credible. When that happens, the plaintiff may or may not ultimately prevail in the litigation, because you may choose to make the permissible inference of discrimination.

Given _____
Refused _____
Given as Modified _____

Authority:

*Ross v. Rhodes Furniture, Inc.*, 146 F.3d 1286, 1292 (11th Cir. 1998), citing *Combs v. Plantation Patterns*, 106 F.3d at 1530.

## **Plaintiff's Proposed Jury Instruction No. 16**

### **Mixed Motive**

You have heard evidence that the Defendant's treatment of the Plaintiff was motivated by the Plaintiff's age and also by other lawful reasons. If you find that the Plaintiff's age was a motivating factor in the Defendant's treatment of the Plaintiff, the Plaintiff is entitled to your verdict, even if you find that the Defendant's conduct was also motivated by a lawful reason.

However, if you find that the Defendant's treatment of the Plaintiff was motivated by both age and lawful reasons, you must decide whether the Plaintiff is entitled to damages. The Plaintiff is entitled to damages unless the Defendant proves by a preponderance of the evidence that the Defendant would have terminated the Plaintiff even if the Plaintiff's age had played no role in the employment decision.

Given _____
Refused _____
Given as Modified _____

Authority:

*Desert Palace, Inc. v. Costa*, 123 S.Ct. 2148, 2152 -2153 (U.S.2003). Employers may not escape liability for their discriminatory conduct simply by showing that there were other sufficient causes for the adverse action that was taken.

*Desert Palace, Inc. v. Costa*, 123 S.Ct. 2148, 2152 -2153 (U.S.2003).

## Plaintiff's Proposed Jury Instruction No. 17

### Same Decision

Where, as here, the defendant asserts that, even if you the jury determine that a discriminatory motive exists, the defendant would in any event have taken the adverse employment action for other reasons, it may take advantage of the "same decision" affirmative defense. The remedies will differ if the defendant prevails on that defense.

Given _____
Refused _____
Given as Modified _____

Authority:

*Desert Palace, Inc. v. Costa*, 123 S.Ct. 2148, 2152 -2153 (U.S.2003).

**<u>Plaintiff's Proposed Jury Instruction No. 18</u>**

**Same Decision**

The employer's "same decision" evidence (meaning that it would have made the same decision even in the absence of any impermissible discriminatory factor) serves as an affirmative defense with respect to the scope of remedies, not as a defense to liability.

Given _____
Refused _____
Given as Modified _____

Authority:

*Desert Palace, Inc. v. Costa*, 123 S.Ct. 2148, 2152 -2153 (U.S.2003).

## Plaintiff's Proposed Jury Instruction No. 4

### Same Decision

The employer's evidence must show that its legitimate reason, standing alone, would have induced it to make the same decision. An employer cannot prevail where the legitimate reason did not sufficiently motivate the employer at the time of the decision. Proving that the same decision would have been justified absent an age-related motive is not the same as proving the same decision would have been made absent the motive.

*Steger v. General Elec. Co.*, 318 F.3d 1066, 1075 -1076 (11th Cir. 2003), citing *Price Waterhouse*, 490 U.S. at 252, 109 S.Ct. at 1792 and *Speedy v. Rexnord Corp.*, 243 F.3d 397, 402 (11th Cir. 2001).

## Plaintiff's Proposed Jury Instruction No. 19

### Same Decision

Proving that the same decision would have been justified ... is not the same as proving that the same decision would have been made. An employer may not, in other words, prevail in a case of mixed-motives by offering a legitimate and sufficient reason for its decision if that reason did not motivate it at the time of the decision. Nor may the employer meet its burden in such a case by merely showing that at the time of the decision it was motivated only in part by a legitimate reason. Rather, the employer must show that its legitimate reason, standing alone, would have induced it to make the same decision.

Given _____
Refused _____
Given as Modified _____

Authority:

*Price Waterhouse*, 490 U.S. at 252 (quoting *Givhan v. Western Line Consolid. School Dist.*, 439 U.S. 410, 416 (1979)).

## Plaintiff's Proposed Jury Instruction No. 20

### Same Decision

In establishing a "same decision" defense, only motivations actually present

"at the time of the decision" are relevant.

Given _____
Refused _____
Given as Modified _____

Authority:

*See Price Waterhouse*, 490 U.S. at 252.

## Plaintiff's Proposed Jury Instruction No. 21

### Respondeat Superior

Defendant, Dale Medical Center is a corporation. A corporation may act only through natural persons as its agents or employees and, in general, any agent or employee of a corporation may bind the corporation by the agent's or employee's actions done and statements made while acting within the scope of agent's or employee's authority as delegated to the agent or employee by the corporation or within the scope of the agent's or employee's duties as an employee of the corporation.

An agent or employee acting outside the agent's or employee's delegated authority or outside the scope of the agent's or employee's duties may not bind the corporation. However, even though an act is forbidden by the law, it may still be within the scope of employment so as to impose liability on the corporation. In deciding whether the act complained of was within the scope of authority, you should consider such factors as where the acts took place and their foreseeability.

Given _____
Refused _____
Given as Modified _____

Authority:

§ 173.25 Federal Jury Practice and Instructions (April 2002).

**Plaintiff's Proposed Jury Instruction No. 22**

**Willful Violation**

The plaintiff has also pleaded a "willful violation" of the age statute. If you find that the defendant did, in fact, unlawfully discriminate against the plaintiff because of her age, and you find that she is entitled to actual damages, then you must determine whether liquidated damages should also be awarded. In order to award liquidated damages, you must first find that the illegal discrimination against the plaintiff was "willful" discrimination.

Given _____
Refused _____
Given as Modified _____

Authority:

*Formby v. Farmers and Merchants Bank*, 904 F.2d 627 (11th Cir. 1990), citing *Trans World Airlines v. Thurston*, 469 U.S. 111, 125, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 123 L.Ed.2d 338, 113 S.Ct. 1701 (1993).

**<u>Plaintiff's Proposed Jury Instruction No. 23</u>**

**Willful Violation**

If defendant, Dale Medical Center knew that its adverse employment action was a violation of the law, or acted in reckless disregard of that fact, then its conduct was willful. If defendant, Dale Medical Center did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard as to whether its conduct was prohibited by the law, even if it acted negligently, then its conduct was not willful.

Given _____
Refused _____
Given as Modified _____

Authority:

§ 173.40 Federal Jury Practice and Instructions (April 2002).

## Plaintiff's Proposed Jury Instruction No. 24

### Age Discrimination - Willful Violation

To establish employer's willful violation of ADEA, it is not necessary for the plaintiff to prove that the employer acted with an evil motive, bad purpose, or intent to violate ADEA. The employer's conduct need not be outrageous to be deemed willful.

Given _____
Refused _____
Given as Modified _____

Authority:

*Formby v. Farmers and Merchants Bank*, 904 F.2d 627 (11th Cir. 1990). *Lindsey v. American Cast Iron Pipe Company*, 810 F.2d 1094 (11th Cir. 1987).

## Plaintiff's Proposed Jury Instruction No. 25

### Definition of Willful Violation

For purposes of this lawsuit, a "willful" violation is defined as one in which

the employer either knew or showed reckless disregard for the matter of whether

its conduct was prohibited by the statute.

Given _____
Refused _____
Given as Modified _____

Authority:

*Hazen Paper Co.*, 507 U.S. at 617; see also *Trans World Airlines, Inc. v.
Thurston*, 469 U.S. 111, 126 (1985); *McGinty v. New York*, 193 F.3d 64, 69 (1999).

## Plaintiff's Proposed Jury Instruction No. 26

### Duty to Mitigate - Burden

The defendant employer has the burden of proving that the plaintiff did not use reasonable diligence to find substantially equivalent employment. If you find that the plaintiff used reasonable diligence to obtain other employment, the defendant employer must show that comparable work was available and the plaintiff did not seek it out in order to prove that the plaintiff did not mitigate her damages.

Given _____
Refused _____
Given as Modified _____

Authority:

*Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515 (11th Cir. 1991).

**Plaintiff's Proposed Jury Instruction No. 27**

**Mitigation**

Substantially equivalent employment is employment that affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status to those that were available to plaintiff prior to her termination. If the former employee cannot find substantially equivalent employment, she may lower her sights and accept noncomparable employment. While every plaintiff has a duty to exercise reasonable diligence in attempting to mitigate damages, the defendant has the burden of proving that a plaintiff has failed to discharge her duty. Thus, the defendant must show that the plaintiff did not make reasonable efforts to obtain comparable work, or that comparable work was available and the claimant did not seek it out.

A claimant's duty to mitigate does not require success, but only "an honest, good faith effort.

Given _____
Refused _____
Given as Modified _____

Authority:

*E.E.O.C. v. Joe's Stone Crab, Inc.*, 15 F.Supp.2d 1364, 1378 -1379 (S.D.Fla.. 1998), citing *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1526 (11th Cir. 1991). See also, *Sellers v. Delgado Community College*, 839 F.2d 1132, 1139 (5th Cir. 1988) and *Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 438 (7th Cir. 1992).

Respectfully submitted,


 s/ Alicia K. Haynes
Alabama State Bar No.  ASB-8327-E23A
Attorney for Plaintiff
Deborah Hughes


**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama  35226
Phone:  (205) 879-0377
Fax:  (205) 879-3572
E-mail:  akhaynes@haynes-haynes.com
ASB-8327-E23A

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 21st day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jennifer L. Howard, Esq.
Albert L. Vreeland, II, Esq.
Lehr Middlebrooks & Vreeland
P.O. Box 11945
Birmingham, Alabama 35202-1945


 s/ Alicia K. Haynes
**OF COUNSEL**